427 So.2d 1182 (1983)
STATE of Louisiana
v.
Wendell MARTIN.
No. 82-KA-0581.
Supreme Court of Louisiana.
February 23, 1983.
Dissenting Opinion March 9, 1983.
*1183 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, William R. Campbell, Jr., Jeffrey Bassett, Asst. Dist. Attys., for plaintiff-appellee.
John Reed, Glass & Reed, New Orleans, for defendant-appellant.
LEMMON, Justice.
The principal issue in this appeal relates to defendant's sentence as a multiple offender.[1]

*1184 I.
Defendant was surprised by New Orleans police in the act of burglary of a business place. The police apprehended defendant as he attempted to escape in his vehicle. Cash and other items stolen in the burglary were found in his automobile. Arresting officers found scotch tape on defendant's fingers (presumably to prevent leaving fingerprints at the scene of the crime).
At defendant's trial for simple burglary, defense counsel endeavored to raise an inference that defendant was "framed" by the police. A six-member jury rejected defendant's theory and found him guilty as charged. The district attorney filed a multiple offender bill, charging that defendant had previously been convicted of manslaughter. He was subsequently sentenced as a second offender to 15 years imprisonment at hard labor.

II.
Defendant challenges the sentence based on two contentions, both of which are raised for the first time on appeal. He first contends that the trial court erred in permitting him at the sentencing hearing on the multiple offender bill to confess in open court that he was the same individual who had previously been convicted and sentenced for manslaughter without first duly cautioning him as to his rights.
La.R.S. 15:529.1 provides that the court may sentence a defendant as an habitual offender "[i]f the judge finds that [defendant] has been convicted of a prior felony ..., or if [defendant] acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted ...."[2] (Emphasis supplied.) The colloquy at the sentencing hearing in this case clearly reveals that defendant was represented by counsel and freely admitted, upon inquiry by the judge, that he was the same Wendell Martin who had previously been convicted of manslaughter. Furthermore, the colloquy also establishes that the judge, prior to defendant's in-court admission, advised defendant of his right to a "formal hearing" and of his right to require the state to prove the issue of identity.[3] Inasmuch as the other portions of the multiple offender statute make it evident that *1185 those are the "rights" of which the defendant should be cautioned, we conclude that defendant was adequately cautioned of his rights, as required by the statute.[4]
Defendant contends, however, that due process requires the judge additionally to inform the defendant of the consequences of his admission in terms of a more severe penalty exposure.
Defendant, represented by counsel, voluntarily acknowledged in open court that he was the same person who had been previously convicted. There is no reason to believe (and defendant does not suggest) that the admission was either unreliable or involuntary. Moreover, neither the defendant nor his attorney objected to or questioned the propriety of the judge's immediate pronouncement of an enhanced sentence.
Neither the pertinent statute nor any constitutional principle requires that the trial court discuss the consequences on the record before accepting the defendant's voluntary, counseled admission of identity.[5] Multiple offender proceedings simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence.[6] It would not insure that such admissions are reliable or otherwise serve the administration of justice for this court, under its supervisory jurisdiction, to adopt such a prophylactic rule which is not required by the Legislature.[7] Therefore, we decline to set aside the multiple offender sentence because defendant's identity admission was invalid.

*1186 III.
Defendant also contends that the multiple offender sentence in this case must be set aside because the minute entry of the guilty plea to manslaughter in the certified copy of the predicate felony conviction fails to reflect that defendant was represented by counsel.
When the state offered the record of the prior conviction during the multiple offender proceedings in the trial court, defense counsel did not object to the record on any basis. (Nor does defendant allege in this appeal that the manslaughter conviction was obtained by a guilty plea in absence of counsel.[8]) The issue therefore is simply whether this court will set aside the multiple offender sentence because the unobjected-to certified copy of the conviction did not contain a minute entry referring to the presence of counsel.
There is no doubt that a guilty plea obtained in violation of defendant's right to counsel cannot be used to enhance a sentence. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). See also United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). As stated in Burgett, an uncounseled plea would cause defendant to "suffer anew" from the earlier violation of his Sixth Amendment rights. Therefore, a defendant who has been sentenced as a multiple offender on the basis of a prior uncounseled plea in the underlying conviction can have the multiple offender sentence set aside in a postconviction proceeding. See La.C.Cr.P. Art. 930.3. However, the question in this case is whether defendant can raise on appeal, rather than by postconviction application, the question of whether he was represented by counsel at the earlier plea when defendant did not object in the trial court to the evidence of the prior conviction.
The proper approach, when there is no objection at the multiple offender hearing to the certified copy of the prior conviction based on the absence of a minute entry reference to counsel's presence, is to relegate the defendant to an application for postconviction relief. No useful purpose would be served to address the issue raised for the first time on appeal and to set aside a multiple offender sentence (which was based on an apparently valid prior conviction obtained by a voluntary guilty plea), if counsel was in fact present at the earlier plea and the minute entry in the present record simply failed to reflect the presence. A defendant, who failed to object to that possible deficiency at a time when the problem could have been easily resolved, has an adequate remedy by postconviction application to show any possible violation of his Sixth Amendment rights.
In State v. Holden, 375 So.2d 1372 (La.1979), this court held that a defendant could not complain for the first time on appeal that the record did not reflect compliance with the "three-right articulation rule" at the guilty plea on the prior felony. By way of dicta, the author of the Holden opinion stated that, in the absence of an objection, the state could establish a voluntary guilty plea by proving only "that the prior conviction resulted from defendant's guilty plea at which he was represented by counsel." 375 So.2d at 1376. The opinion did not state that the existence of a minute entry reference to counsel's presence in the certified copy of the prior conviction was an essential element of the state's proof in a multiple offender hearing. However, if the opinion may be so interpreted, we hereby clarify the holding of Holden to require a defendant to object at the multiple offender *1187 hearing to the failure of the record of the predicate felony to reflect the presence of counsel or to raise the issue in a postconviction application, at which he will have the opportunity (and the burden) to prove such an allegation.
Defendant's conviction and sentence are affirmed.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting.
I dissent from the majority's opinion. It attemptsto overrule several years of jurisprudence without acknowledging that it is doing so by holding that, in multiple offender proceedings, it is not the state's burden to show that the defendant either was represented by counsel or that he waived that right, before using a prior guilty plea conviction in the multiple offender proceedings to enhance the defendant's punishment. Furthermore, I object to the majority's manner of attempting to justify such a holding by the utilization of evidence which is not in the record before us.
In City of Monroe v. Coleman, 304 So.2d 332 (La.1974) this Court was confronted with the identical question, as is presented here, the effect on a multiple offender prosecution where the evidence of the prior conviction does not show whether the defendant waived his right to counsel. The Court therein found fatal to the state's multiple offender proceedings the absence of an "affirmative showing in the record that the accused was informed of his right to counsel or that he waived that right at the time of his conviction."
That holding was again reaffirmed in State v. Hoffman, 345 So.2d 1 (La.1977). In Hoffman, subsequent to defendant's conviction for attempted aggravated rape, he was adjudicated a habitual offender based on "prior felony convictions [which were] silent as to whether defendant was represented by an attorney at the time of the sentence." The state argued that the burden was on defendant to show that the prior pleas of guilty were not entered with the assistance of counsel. In rejecting that argument, this Court held:
The same argument was made in City of Monroe v. Coleman, 304 So.2d 332 (La. 1974). The record must affirmatively show that the accused either was accompanied by counsel or that he was informed of his right to counsel and waived that right, and that the plea was knowingly and intelligently entered. See also State v. Guillotte, 297 So.2d 423 (La. 1974); State v. Coody, 275 So.2d 773 (La. 1973).
In the absence of such showing, such convictions cannot serve to enhance the penalty under the multiple offender statute.
This holding has been, to an extent, codified in La.C.Cr.P. art. 514 which requires that a minute entry show either that the defendant was present with counsel or that he waived his right to counsel. La.C.Cr.P. art. 514 provides:
The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court appointed counsel, and that he waived such right.
In State v. Vezina, 391 So.2d 450 (La. 1980) and State ex rel. Bishop v. Blackburn, 384 So.2d 406 (La.1980) this Court, relying on the above provision, disallowed the use of prior convictions in the multiple offender proceedings where the minute entry evidencing the prior conviction was not in conformity with La.C.Cr.P. art. 514.
In the present case, like those referred to above, the state only introduced the minute entry of defendant's prior conviction and nothing else. That minute entry was not in conformity with La.C.Cr.P. art. 514 in that it showed neither that the defendant was represented by counsel nor that he was informed of his right to court appointed counsel and waived it. Accordingly, under the prior jurisprudence, defendant's adjudication as a multiple offender should be set aside.
*1188 However, notwithstanding this long line of jurisprudence, the majority comes to an opposite result, affirming the multiple offender adjudication even though there is no evidence in the record that the defendant was either represented by counsel when he entered his prior guilty plea or that he knowingly waived that right. Since none of the above cases are referred to in the majority opinion it is left unclear whether the Court's opinion is rendered in ignorance of them or in an attempt to overrule them. In my view, some nine years of jurisprudence should not be overruled without even referring to it.
Furthermore, I find the reasoning in the prior cases more persuasive than that in the instant case. An accused is required, by the Constitution, to be afforded a right to counsel. That right must be scrupulously honored and any conviction obtained in violation of it is void for all purposes. Loper v. Beto, 404 U.S. 821, 92 S.Ct. 151, 30 L.Ed.2d 49 (1972); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Thus it has been held to be the state's burden to show that defendant's right to counsel was honored.
The majority seeks to place this burden on the defendant by analogizing the defendant's right to counsel to the three-right articulation rule in guilty plea proceedings premised on Boykin. The obvious difference is that one's right to counsel is a constitutionally protected right whereas the three-right articulation rule is a jurisprudentially created prophylactic rule.
The majority attempts to justify its holding in this case by reference to evidence that was not introduced into the record of this case. I am in full agreement with the majority that had the evidence been introduced, the multiple offender adjudication would be valid. However, I am equally of the view that absent that evidence being filed in the record of the case, the multiple offender adjudication is invalid. This Court is not authorized to consider new evidence, filed for the first time in this Court. To the contrary, we are bound by the record as compiled in the lower court. While it seems justifiable in this case to affirm the multiple offender adjudication, because we are told (by the evidence not properly in the record) that the defendant did have counsel present when he pled guilty, the effect of the majority opinion is to affirm in all cases such an adjudication even where we do not know for certain that the defendant was represented by counsel. I feel the case should be remanded to the district court for resentencing where the state can at that time introduce the appropriate evidence, assuming that it does in fact have it.
Since I am of the view that the case should be remanded to the district court for further proceedings, including the resentencing of the defendant, I find the majority's treatment of what "duly cautioned as to his rights" means under La.R.S. 15:529.1, to be unnecessary.
For the foregoing reasons, I dissent from the majority opinion.
NOTES
[1] Defendant's other assignments of error involve settled principles of law and are treated in an unpublished appendix, which is attached to this opinion and is a part of the official record.
[2] Generally, the only factual issue at multiple offender hearings relates to the identity of the defendant as the same individual who was previously convicted of the prior felony alleged in the bill. Another issue sometimes arises as to the time elapsed between the date of completion of defendant's prior sentence and the date of defendant's offense for which the instant felony conviction was obtained. See State v. Anderson, 349 So.2d 311 (La.1977). That issue is not presented here.
[3] Following is the pertinent portion of the transcript from the multiple offender hearing:

"THE COURT: Mr. Greenbaum, have you had a chance to confer with Mr. Martin in reference to the multiple bill?"
"MR. GREENBAUM: I have, Your Honor, and Mr. Martin is desirous not to have a formal hearing."
"THE COURT: And what about the allegations contained in this?"
"MR. GREENBAUM: At this point he is willing to admit he's one in [sic] the same Wendell Martin that had previously been convicted of a previous charge."
"THE COURT: And, in effect, he is admitting the allegations contained in the multiple bill?"
"MR. GREENBAUM: That is correct."
"EXAMINATION OF MR. WENDELL MARTIN BY THE COURT:
"Q. Mr. Martin, do you understand what is going on? They can get a fingerprint man over here and try to prove it up, take your old fingerprints, and if it was you, then they would link it up to this case. They can do it, and you're entitled to a formal hearing to make them do it if you want."
"A. It's not necessary, your Honor."
"Q. You're admitting you're the same Wendell Martin convicted in Section `J' of manslaughter and you were sentenced to eight years hard labor in the custody of the Louisiana State Department of Corrections, is that right?"
"A. Yes, sir."
"THE COURT: Do you have a certified copy of the prior conviction? I would like to see that."
"MR. CHESTER: Yes, sir, it's here. I have got it."
The court then vacated the original 12-year sentence and imposed a 15-year sentence.
[4] R.S. 15:529.1 D provides:

"If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated." (Emphasis supplied.)
[5] Had the Legislature intended to require the judge to advise defendant of the consequences (in terms of enhanced sentence) of an habitual offender adjudication, that requirement could have been clearly spelled out.

The statute (which the Legislature did adopt) gives defendant a right to deny the prior conviction or to stand mute. It also gives him the option to admit voluntarily that he was the person who was previously convicted. The statutory requirements that the judge caution the defendant of his right to contest the issue of identity and that the state prove identity at a hearing are obviously designed to help assure that an admission on the issue of identity is accurate and voluntary.
[6] Indeed, this court has expressly declined to require, as part of the "Boykin" examination, advice that the conviction based on the present plea may be used, in the event of subsequent criminal behavior, to enhance the penalty for the conviction of a future offense. See State v. Jackson, 362 So.2d 1082 (La.1978.)
[7] With deference to courts which have adopted an approach to the admission of identity at a recidivist or habitual offender proceeding which is analogous to that which requires a "Boykin" examination prior to a guilty plea, we simply decline to do so. See Wright v. Craven, 325 F.Supp. 1253, affirmed 461 F.2d 1109 (9th Cir. 1972); In Re Yurko, 10 Cal.3d 857, 112 Cal.Rptr. 513, 519 P.2d 561 (Cal.1974). Compare Sylvester v. State, 615 S.W.2d 734 (Tex. Cr.App.1981). In cases in which a defendant is represented by counsel, we believe it is sufficient that the record reflect the "caution" required by the Legislature and given in this case. If defendant had alleged that his admission was "involuntary", we would have to confront that issue. However, it is not presented here.
[8] As shown in footnote 3, there was no formal offer of the evidence at the multiple offender hearing, and the judge simply examined the certified copy of the prior conviction. The record originally filed in this court reflects that defendant had counsel appointed to represent him on the manslaughter charges. Furthermore, a certified copy of a guilty plea form (signed at the time of the entry of defendant's plea) reflects that defendant was represented at the time of the plea by two attorneys from the Orleans Parish indigent defender's office (although this document appears in a supplemental record and may not have been presented to the judge at the multiple offender hearing). These factors make readily understandable the defendant's failure to allege the absence of counsel at the manslaughter guilty plea.