439 So.2d 1124 (1983)
STATE of Louisiana
v.
Whitney VINCENT, Jr.
No. KA-0437.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 1983.
*1125 Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Asst. Dist. Atty., New Orleans, for the State.
William Noland, Lawrence J. Boasso, New Orleans, for defendant.
Before REDMANN, C.J., and SCHOTT and CIACCIO, JJ.
REDMANN, Chief Judge.
On appeal from his conviction of possession of marijuana and of phencyclidine, both with intent to distribute, and possession of a firearm by a felon, defendant argues error in the denial of his motion to suppress and in his sentence both as excessive and as not preceded by advice from the judge as required by La.R.S. 15:529.1(D). We affirm the conviction but remand for resentencing after the statutorily required advice.
The marijuana, phencyclidine and firearms were seized under a search warrant that defendant argues was issued on an affidavit insufficient to establish probable cause.
The affidavit, by a New Orleans detective, recited that, on the day of the affidavit, he and another detective were informed by a confidential reliable informant, whose information had led to narcotics convictions in the past, that: a white male known to him as Buddy was selling PCP for $125 a gram and marijuana for $425 a pound from his residence at 4700 Banks street; the informant *1126 "had been their [sic; there] earlier" and saw the drugs inside and witnessed a sale of a gram of PCP; that sales are not made through the front door, "but to purchase said drugs, you walk down the driveway on the right side of the house and knock on the rear wall ... and `Buddy' will come out and find out what you need ... then collect the money, go back inside the residence and bring back the drugs." The affidavit then recited surveillance of the residence by the officers between 7 and 8:30 a.m. and observance of two apparent purchases, at 7:20 and 8:15 a.m., described in detail consistent with the information supplied by the informant. Ours is thus not an affidavit based entirely on hearsay.
Our "totality of circumstances," Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983), answers yes to "the commonsense, practical question whether there is `probable cause' to believe that contraband or evidence is located in a particular place."
Defendant contends that our affidavit is defective for failure to recite the method by which the detectives received the information, arguing that this failure prevented the magistrate from concluding that the detectives knew who the informant was. Defendant further contends defectiveness in the recital that the informant saw drugs and a sale at the residence "earlier," arguing that the indefinitness of "earlier" precludes a conclusion that the information was not "so attenuated with the passage of time as to render those supporting facts non-existent," State v. Thompson, 354 So.2d 513, (La.1978). We reject both of these arguments because the overall context of the affidavit includes the affirmative representation that the detective knew who the informant was, and, by reciting that Buddy "was selling" (see State v. Boudreaux, 304 So.2d 343 (La.1974)) drugs, suggests that "earlier" means earlier "on May 8, 1981" or perhaps during the previous night (for by 7 a.m. on May 8 the detectives' surveillance had begun).
Defendant also argues that the affidavit's failure to recite that defendant twice left the residence during the surveillance constitutes intentional and material misrepresentation (by omission) invalidating the warrant. We agree that the state's failure to rebut defense witnesses' testimony of defendant's twice leaving gives that testimony added credibility (although the trial judge so disbelieved defense witnessesthe mother and brother of another person also arrested when defendant was arrestedthat he asked the assistant district attorney at trial's end if he wished to detain them to charge them with perjury). But the time estimates of absences recited by those witnesses do not necessarily conflict with the affidavit's times of transactions; and those absences are immaterial. It is not necessary that an affidavit recite every thing seen during surveillance, but only what is required to support the conclusion of probable cause.
As to the sentence, defendant first argues that the sentence was excessive, and not given in compliance with C.Cr.P. 894.1. The trial judge's position is fairly set forth by his recital that defendant was a former policeman and a second offender. Moreover, the list of items seized includes two "large" plastic bags of "greenish vegetable matter" and a plastic bag of "white powder" (presumably the marijuana and PCP in respect to which defendant pleaded guilty), a 16-ga. double-barreled shotgun with no serial number, a 12-ga. shotgun and a 30-cal. carbine with sawed-off stock and a 30-round clip (besides two large sheathed knives, a bayonet, two pairs of "num-chucks," a billy and a mask). On those facts, a 15-year sentence to a second offender is not severe, and their presence in the record supplies any theoretically missing explanation under C.Cr.P. 894.1.
Finally, notwithstanding that he was represented by counsel who declared to the trial judge in defendant's presence that they had "consulted" and "advised" defendant for purposes of arraignment on the multiple billing, and that he had no defense, and notwithstanding that defendant thereupon freely admitted to the judge that he *1127 was the same person previously convicted, defendant now argues that the trial judge did not comply with the mandatory language of La.R.S. 15:529.1(D):
"... the court in which the subsequent conviction was had shall cause the person... to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.... If... he confesses in open court, after being duly cautioned as to his right, the court shall sentence...." (Emphasis added.)
The only defect is that the record does not show that the court did advise defendant of his right to be tried according to law, but shows that it accepted his confession without the judge himself having duly cautioned him of his rights: no doubt because of counsel's declaring to the court that counsel had consulted with and advised defendant. No doubt too, competent counsel would advise a defendant of his rights to trial, not to incriminate himself, and to confront his accusers. Therefore, in the absence of an allegation of incompetence of counsel, one might presume that "the court," through defendant's attorneys as officers of the court, had indeed properly advised defendant. But defendant's argument is that no such presumption will suffice, and that the record must affirmatively show that defendant was informed of his rights.
We conclude from State v. Yochunas, 187 La. 281, 174 So. 356 (1937) [overruled on another point in State v. Hilaire, 216 La. 972, 45 So.2d 360 (1950)] (although defendant there was not represented by counsel), and from State v. Martin, 427 So.2d 1182 (La.1983), that defendant is correct.
Martin did not rest upon the facts that (as in our case) "defendant was represented by counsel and freely admitted, upon inquiry by the judge, that he was the same" person previously convicted; Martin immediately added:
"Furthermore, ... the judge, prior to defendant's in-court admission, advised defendant of his right to a `formal hearing' and of his right to require the state to prove the issue of identity." Id. at 1184.
A ruling that the judge must personally advise the defendant of his right (or perhaps that the record must at least affirmatively show, by counsel's specific recital of the rights in open court in the presence of defendant, that "the court" through counsel has advised defendant of his rights) is required not only by La.R.S. 15:529.1(D) but probably also by the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that a guilty plea not be accepted without an affirmative showing in the record of an intelligent and voluntary waiver of the constitutional rights thereby yielded.
We therefore remand for retrial on the question of the prior conviction, State v. Johnson, 432 So.2d 815 (La.1983).
Conviction affirmed; sentence vacated and remanded for sentencing proceedings consistent with this opinion.