SCHOTT, Judge,
dissenting in part:
The transcript of the sentencing under the habitual offender law, R.S. 15:529.1 shows no colloquy whatsoever between the court and the defendant or his counsel concerning his right to be tried. There is no indication that counsel explained to defendant his right.
In State v. Martin, 427 So.2d 1182 (La.1983) there was a colloguy between the judge and the defendant in which the judge “advised defendant of his right to a ‘formal hearing’ and of his right to require the state to prove the issue of identity.”
This ease is much like State v. Johnson, 432 So.2d 815 (La.1983) in which the court vacated the habitual offender sentence because the trial judge did not advise defendant of his right to remain silent. In State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983) the court vacated the habitual offender sentence because the judge failed to inform the defendant of his right to be tried even though defendant’s counsel informed the court that he had consulted with and advised defendant with respect to the proceedings.
I respectfully submit that the sentencing in this case was clearly in violation of R.S. 15:529.1, and the cases cited herein require that the sentence be vacated and the defendant resentenced in accordance with law.