Lindsey Everett HOLLOWAY,
Petitioner–Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent–Appellee.

No. 86–2787.

United States Court of Appeals,
Fifth Circuit.

March 3, 1988.

Beverly Brown, Dallas, Tex. (Court–Appointed), for petitioner-appellant.

S. Michael Bozarth, Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, POLITZ, and JOLLY, Circuit Judges.

THORNBERRY, Circuit Judge:

Lindsey Everett Holloway was convicted in Texas state court of aggravated robbery in 1979. The jury sentenced him as a repeat offender to ninety-nine years in prison. The district court denied his petition for a writ of habeas corpus. We affirm.

After Holloway was convicted of aggravated robbery in the guilt phase of his trial, the prosecution read to the jury an "enhancement" paragraph from the indictment. The paragraph charged Holloway with a prior felony conviction for robbery in 1971. Under Texas law, a defendant is subject to greater punishment if prior felony convictions are proved. Tex. Penal Code Ann. § 12.42. After the reading of the paragraph, Holloway's counsel entered the plea of "true." On prompting by the trial judge, Holloway personally acknowledged that his plea was "true." [1] Both parties agree, however, that the judge at that point neither admonished Holloway of the consequences of his plea nor made any additional inquiry into the voluntariness of the plea.

■ The only issue in this appeal is whether Holloway's "true" plea was voluntary and intelligent.[2] The legal framework for resolving this issue is fully discussed in our opinion in *Joseph v. Butler,* 838 F.2d 786 (5th Cir.1988). Therefore, we summarize the analysis only briefly.

Three circuits have concluded that a "true" plea to prior convictions used to enhance punishment is the functional equivalent of a guilty plea to the substantive offense. *Government of the Virgin Islands v. George,* 741 F.2d 643 (3d Cir. 1984); *Cox v. Hutto,* 589 F.2d 394 (8th Cir.1979) (per curiam); *Wright v. Craven,* 461 F.2d 1109 (9th Cir.1972) (per curiam). As a result, these circuits have applied to such pleas the standard of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires that the voluntary and intelligent nature of the plea be apparent on the face of the record. While this circuit has not adopted that position, it has employed a similar framework in rejecting challenges to enhancement pleas on the ground that the "totality of the circumstances" in the record demonstrated that the plea was voluntary and intelligent. *E.g., Long v. McCotter,* 792 F.2d 1338, 1346 (5th Cir.1986).

In *Buckley v. Butler,* 825 F.2d 895, 902–03 (5th Cir.1987), however, we noted that *Boykin* "cannot be applied literally" to enhancement pleas because the defendant does not possess the "full panoply of due process and other constitutional protections which attend the determination of guilt or innocence." *Buckley* held that the state court committed no error in failing to explicitly caution the defendant of his rights when the enhancement proceeding was closely related in time and function to the determination of guilt, when the same defense counsel, judge, court, and prosecutor were involved, and when the defendant in open court and on the advice of counsel admitted his prior convictions.

We think *Buckley* controls the result here. Both Holloway's trial on the robbery charge and his enhancement proceeding were conducted by the same court and judge and with the same prosecutor and defense counsel. Also, the punishment phase of the trial was held immediately after the conclusion of the guilt phase. And, most important, Holloway admitted

---

1. The complete exchange was:
   THE COURT: ... Will you present the balance of the indictment to the jury, please? (Whereupon the indictment is read in its entirety to the jury)
   THE COURT: To which the defendant pleads true or not true?
   MR. GORDON: True, if the Court please.
   THE COURT: Is that your plea, sir?
   THE DEFENDANT: Yes.
   THE COURT: Very well. You may have your seat.

2. The state does argue that Holloway's failure to raise this issue in a previous federal habeas application constitutes abuse of the writ procedure. *See, e.g., Hamilton v. McCotter,* 772 F.2d 171, 176 (5th Cir.1985) (holding that a petitioner's deliberate failure or inexcusable neglect in raising a claim in a previous habeas petition justifies dismissal). In view of our resolution of the merits of Holloway's claim, we do not address the state's position.

his prior convictions in open court and on the advice of counsel. Unlike in *Buckley*, the judge in this case did not closely question Holloway about the facts of the prior convictions, which Holloway admitted by pleading "true." Nevertheless, the judge did help to assure the plea's voluntariness by asking Holloway whether the plea entered by his attorney was also "his" plea. We think, therefore, that the "totality of circumstances" in this record justifies a finding that Holloway's plea was voluntary and intelligent.

Holloway also makes two other specific complaints. First, he alleges that he was not informed of the maximum punishment he could receive as a result of the enhancement of his conviction for aggravated robbery. But aggravated robbery in Texas is a first-degree felony, Tex. Penal Code Ann. § 29.03(b); enhanced or unenhanced, it is punishable by at most life or ninety-nine years in prison, *id.* §§ 12.32(a), 12.42(c). Thus, because Holloway knew of the maximum punishment for the unenhanced offense he also knew of the maximum punishment for the enhanced offense.

Second, Holloway alleges he was not informed that a "true" plea would waive his right to challenge the validity of the prior convictions in a subsequent collateral proceeding. *See Zales v. Henderson*, 433 F.2d 20, 24 (5th Cir.1970) (holding that when a defendant admits prior convictions at a habitual offender hearing, he waives any complaints about the validity of the prior convictions). But there is no precedent for the proposition that the state's failure to inform Holloway of this one consequence renders Holloway's plea involuntary or unintelligent. Even when defendants plead guilty to a substantive offense, the court is not required to recite a litany of all the constitutional rights that are waived. *See Brown v. Jernigan*, 622 F.2d 914, 916 (5th Cir.1980); *McChesney v. Henderson*, 482 F.2d 1101, 1110 (5th Cir. 1973); *United States v. Frontero*, 452 F.2d 406, 415 (5th Cir.1971). As we noted in *Frontero*,

> Carrying [this] argument to its logical conclusion, the court, before accepting a

guilty plea, would be required to inform a defendant of his right to a speedy and public trial, his right to an impartial jury, his right to compulsory process for obtaining witnesses, his right to be free from cruel and unusual punishment, his right to be free from unreasonable searches and seizures, his right to have excluded from the trial any evidence illegally seized, and many more. We do not read Rule 11 as requiring this; nor do we feel that due process requires this [of the states].

*Id.*; *cf. Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (holding that a plea was voluntary and intelligent despite the state's failure to supply the defendant with information about his parole eligibility date).

The record indicates that Holloway's plea was made voluntarily and intelligently, and the district court's judgment is

AFFIRMED.