522 So.2d 1181 (1988)
STATE of Louisiana
v.
Jerry A. FIRMIN.
No. K-9019.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
*1182 Harry F. Connick, Dist. Atty., New Orleans, for State.
Jerry A. Firmin, in pro. per.
Before KLEES, CIACCIO and ARMSTRONG, JJ.
KLEES, Judge.
On December 4, 1985, the relator pled guilty to simple burglary. The trial court sentenced him as a second offender on January 17, 1986, after accepting his admission of identity as the person charged in the multiple bill.
The relator is presently before this Court complaining that the trial court failed to advise him of his rights before accepting his admission that he was the same person as charged in the multiple bill of information. The trial court denied relief on the defendant's petition on October 13, 1987.
R.S. 15:529.1(D) provides that the trial court shall inform the defendant of the allegations contained in the multiple bill of information and to his right to be tried as to the truth thereof according to law prior to asking the defendant whether the allegations are true. Furthermore, if a defendant pleads guilty to the multiple bill or "if he acknowledges or confesses in open court... that he has been so convicted", the trial *1183 court must first duly caution him as to his rights.
In State v. Martin, 427 So.2d 1182 (La.1983), the Louisiana Supreme Court found that before a plea of guilty to a multiple bill can be said to be made knowingly and voluntarily, the colloquy between the trial judge and the defendant must show that the defendant was advised of his right to a formal hearing on the multiple bill and his right to require the State to prove the issue of his identity as a multiple offender. In State v. Johnson, 432 So.2d 815 (La.1983), the Louisiana Supreme Court held that R.S. 15:529.1(D) implicitly provides that the defendant should be advised by the Court of his statutory right to remain silent before the judge accepts his plea of guilty to the multiple bill. The Court found that the right against self-incrimination does not depend on the nature of the proceedings and held that the defendant, after pleading not guilty, was no longer required to speak and, without being advised of his right to remain silent, his acknowledgement or confession of his prior felony conviction was invalid. This Court in State v. Vincent, 439 So.2d 1124 (La. App. 4th Cir.1983), held that the defense counsel's assurances that he had advised the defendant of his rights did not satisfy sufficiently the requirements of R.S. 15:529.1(D) that the court must personally advise the defendant of his rights. It is important to note that the defendants' right to be informed of the rights set forth in R.S. 15:529.1(D), as interpreted by Martin, Johnson and Vincent, (as distinguished from the substantive rights themselves) is provided by this statute and is not founded inthe United States Constitution or the Louisiana Constitution.
The defendant is before this Court on an application for post-conviction relief. C.Cr.P. art. 930.3 provides the grounds upon which such relief may be granted. The first ground, "the conviction was obtained in violation of the Constitution of the United States or the State of Louisiana", is the broadest ground and usually encompasses most post-conviction relief claims. However, when a defendant contends that he was not informed of his rights prior to an admission of identity or a plea of guilty to a multiple bill, no constitutional rights are implicated. These rights are provided by statute and because a multiple bill hearing is not a trial of a substantive offense, a guilty plea to a multiple bill is not the equivalent of a guilty plea to a criminal offense where a defendant must be read his Boykin rights.
Therefore, when a defendant petitions this Court seeking post-conviction relief claiming he was not informed of his rights prior to the Court's acceptance of an admission of identity or a plea of guilty to a multiple bill, this Court will review the multiple bill proceedings to determine if the proceedings were fundamentally fair and provided due process of law. If the Court finds that the proceedings were fundamentally fair, even though the trial court did not specifically delineate the rights as required by R.S. 15:529.1(D), this Court will uphold the multiple bill sentence because the defendant has failed to show that his conviction and sentence on the multiple bill were unconstitutionally obtained. If, however, a review of the transcript of the proceedings indicates that the defendant was denied due process of law, then this Court will grant relief finding that the defendant's conviction and sentence as a multiple offender were obtained in violation of the United States Constitution and the Louisiana Constitution. (i.e., a claim rising to constitutional proportions.) This Court is aware that this decision is in conflict, either expressly or implicitly, with several decisions rendered previously by this Court. To the extent this decision is in conflict, those decisions are overruled.[1]
This opinion should not be construed as providing unbridled discretion to the trial courts during multiple offender proceedings. Rather, trial courts should advise a defendant, before the defendant's admission of his identity as a multiple offender *1184 or a plea of guilty to the multiple bill, that the defendant is entitled to a formal hearing on the multiple bill where the State has the burden of proving the defendant's identity as a multiple offender. Furthermore, before accepting an admission or a plea of guilty, the trial court must also inform the defendant that he has a right to remain silent at this hearing and cannot be forced to testify against himself.[2]
Applying the standards set forth above to the present matter, the defendant's claim that he was not advised of his rights prior to the court's accepting his admission that he is the same person as charged in the multiple bill must fail. The transcript reveals the State of Louisiana introduced certified copies of his Boykin form and the bill of information to the predicate offense. The defendant then admitted that he was the same Jerry Firmin as charged in the multiple bill.[3] The Court sentenced the defendant, apparently finding him guilty of being a second offender although that is not expressly stated. These proceedings indicate that the defendant was given a fundamentally fair hearing wherein the State introduced evidence proving the prior felony conviction. The defendant relieved the State of proving the issue of identity, (i.e. that the defendant was the same person as charged in the multiple bill). Accordingly, the defendant's application for post-conviction relief is denied.
DENIED.
NOTES
[1] In accordance with our internal rules, the rationale for this opinion was submitted to all judges of this court and a majority have voted to overrule those decisions which are in conflict.
[2] See State v. Lloyd Desmond, 524 So.2d 147 (La.App. 4th Cir.1988), wherein this Court vacated the defendant's sentence as a multiple offender because the trial court failed to inform the defendant of these rights before accepting his plea of guilty to the multiple bill.
[3] Note that the defendant did not formally enter a plea of guilty but rather only admitted that he was the same person charged in the multiple bill. However, any distinctions made between a formal plea of guilty and an admission of identity are not valid. In State v. Martin, at 1184, the Louisiana Supreme Court noted in footnote two: "Generally, the only factual issue at multiple offender hearings relates to the identity of the defendant hearing relates to the indentity of the defendant as the same individual who was previously convicted of the prior felony alleged in the bill." The court implicitly found that an admission of identity is the equivalent of a plea of guilty. Accordingly, as stated above, before the trial court accepts either an admission of identity or a plea of guilty, it must inform the defendant of his right to a formal hearing where he would not be forced to testify against himself and the State would have the burden to prove his identity as a multiple offender.