11 PEATROSS, Judge,
concurring.
While I respectfully disagree with the writer’s opinion as to the applicability of State v. Martin, 427 So.2d 1182 (La.1983), I do agree that the state met its burden of proof under LSA-R.S. 15:529.1 and, in addition, State v. Shelton, 621 So.2d 769 (La. 1993). In Shelton, the Supreme Court of Louisiana specifically revised the “scheme of allocating burdens of proof in habitual offender proceedings.” The Court stated, “If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken.”
Although the public defender, Autry N. Noblitt, had no independent recollection of defendant, Stewart, the testimony of Noblitt is sufficient to prove that the defendant was represented by Noblitt at his prior guilty-plea hearing. Noblitt testified that when he was appointed to represent a defendant, he would appear for that defendant and he would not send another attorney in his place. Noblitt also testified that he was able to tell the court that he was the attorney of record in this case and that he was present at all proceedings in the case, including the guilty plea and sentencing. Noblitt stated,
My knowledge of the system and from these docket entries which simply confirms what I know, that it couldn’t have been otherwise. We handle cases as a private attorney handles cases. No one else is involved with it. It’s not as though you know some other public defender or anybody else or they will do it without you. You were the personal attorney of record and it went that way.
When asked -if in his mind he was present at the guilty plea and sentencing of defendant, he responded, “That’s correct.”
During Noblitt’s testimóny, the following exchange occurred between defendant’s attorney and Noblitt:
Q. Okay. Basically what you are testifying to is based on these documents that, and your position was that you were always present at the time of a guilty plea if a ease was assigned to you?
IzA. That’s correct.
Q. And you were always present at the time of sentencing?
A That’s correct.