hPARBO, J.,
dissenting.
I believe the advice concerning the defendant’s rights given to him on February 23,1994, was statutorily and constitutionally sufficient, and did not need to be repeated when he appeared in court on May 4, 1994. The record shows the trial court informed Tyrone in February of the full panoply of rights described in LSA-R.S. 15:529.1(D)(1). Through his counsel, he invoked his right to remain silent at that time, prompting the setting of a hearing concerning the truth of the multiple offender allegations. At that hearing, either the State had to go forward with evidence, or the defendant could admit the allegations. Of what was the court to advise him at that point? The only reason he was there was because he had already exercised his right to remain silent, after being advised that he had this right. He certainly knew the State would have to present evidence of the truth of its allegations if he did not admit them; that was the sole purpose of the hearing set for that day. So, it seems unnecessarily redundant, and indeed pointless, to advise him again that he could remain silent and the State would then have to prove its claims.
| ¡More importantly, I believe the supreme court’s per curiam opinion in State v. Harris, 95-0900 (La.5/19/95), 654 So.2d 680, controls on this issue. The court there stated:
Admissions of identity at a multiple offender hearing implicate the defendant’s Fifth Amendment privilege against self-incrimination. State v. Johnson, 432 So.2d 815 (La.1983). Nevertheless, multiple offender proceedings “simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence.” State v. Martin, 427 So.2d 1182, 1185 (La.1983). This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the Boykin colloquy which must accompany a valid plea of guilty. Id., 427 So.2d at 1185, n. 7. In the absence of any allegation or showing that the admission was involuntary, compare State v. Johnson, supra, the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. See, Holloway v. Lynaugh, 838 F.2d 792 (5th Cir.), cert, denied, 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988); State v. Firmin, 522 So.2d 1181 (La.App. 4th Cir.), writ denied, 532 So.2d 759 (La. 1988).
Based on State v. Harris, it is clear that a full-fledged colloquy is not required. The record in this case shows the defendant’s admission was completely voluntary, and the proceedings accorded him fundamental fairness and due process of law. Therefore, I would affirm the trial court; I respectfully dissent.