NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1409

STATE OF LOUISIANA

VERSUS

DERRICK DEWAYNE MOORE

**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 10-103
HONORABLE WARREN DANIEL WILLETT, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

AFFIRMED.

Mark Owen Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA 71457
(318) 572-5693
Counsel for Defendant/Appellant:
Derrick Dewayne Moore

**James Patrick Lemoine**
**District Attorney, Thirty-fifth Judicial District Court**
**P. O. Box 309**
**Colfax, LA 71417-0309**
**(318) 627-3205**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Renee W. Dugas**
**Assistant District Attorney, Thirty-fifth Judicial District Court**
**P. O. Box 309**
**Colfax, LA 71417**
**(318) 627-2971**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Derrick Dewayne Moore**
**Catahoula Correction Center**
**499 Columbia Rd.**
**Harrisonburg, LA 71340**
**Counsel for Defendant/Appellant:**
**Derrick Dewayne Moore**

**EZELL, Judge.**

The Defendant, Derrick Dwayne Moore, was charged by bill of information filed on February 9, 2010, with theft of property having a value of more than $500. The Defendant entered a plea of not guilty on February 18, 2010. Trial by jury commenced on May 18, 2010, and the Defendant was subsequently found guilty. On August 13, 2010, the Defendant was sentenced to serve four years at hard labor and to pay a fine of $1,500. A motion to reconsider sentence was filed on August 13, 2010, and was subsequently denied. A motion for appeal was filed on September 2, 2010, and was subsequently granted.

A bill of information charging the Defendant as a habitual offender was filed on November 9, 2010. He entered a plea of not guilty on November 12, 2010. The Defendant was subsequently adjudicated a fourth felony offender and sentenced to serve twenty years at hard labor.

The Defendant is now before this court asserting one assignment of error contending the trial court erred in granting the State's pre-trial motion in limine to prohibit the use at trial of any out-of-court statements by Patrick Cotten. The trial court did not grant the State's motion; thus, there is nothing for this court to review.

## FACTS

The Defendant removed junk cars and scrap metal from Barbara Lonidier's property. This included a 1988 Toyota Tercel, which the Defendant sold to Cenla Recycling, and a 1947 International pickup truck.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, the Court finds there is one error patent.

The record does not indicate that the Defendant was advised of his right to remain silent, his right to a hearing, and his right to have the State prove its case

against him. Although the trial court stated in its habitual offender judgment and written reasons, "[h]aving been advised of his right to remain silent, the Defendant testified in the presentation of his case," we have reviewed the transcript of the habitual offender proceeding and did not find such an advisement of the right to silence. Nevertheless, the failure to apprise the Defendant of his rights was harmless; the Defendant received a fundamentally fair hearing.

In *State v. Gobert*, 09-607, 09-608, pp. 2-5 (La.App. 3 Cir. 12/9/09), 24 So.3d 1013, 1014-16, *writ denied*, 09-2830 (La. 6/18/10), 38 So.3d 321(footnote omitted)(alterations in original), this court faced a similar situation:

> The record in this case does not indicate that the Defendant was advised of his right to remain silent, his right to a hearing, and his right to have the State prove its case against him. In *State v. Coleman*, 96-525, pp. 12-13 (La.App. 3 Cir. 10/7/98), 720 So.2d 381, 387, this court explained in pertinent part:
>
>> Although the right to remain silent is not specifically set forth in La. R.S. 15:529.1, in *State v. Johnson*, 432 So.2d 815 (La.1983), *writ granted on other grounds*, 438 So.2d 1113 (La.1983); *appeal after remand*, 457 So.2d 1251 (La.App. 1 Cir.1984), *appeal after remand*, 471 So.2d 1041 (La.App. 1 Cir.1985), the Louisiana Supreme Court held this statute clearly recognizes the defendant has the right to remain silent, and the statute implicitly provided defendant should be advised by the court of his right to remain silent. The court in *Johnson*, relying on *State v. Martin*, 427 So.2d 1182 (La.1983) further stated La. R.S. 15:529.1(D) specifically provides defendant shall be advised of his right to a formal hearing and to demand that the state prove its case.
>
> This court has found that the failure to advise a defendant of the right to remain silent and to have the State prove its case against him is harmless when the defendant is adjudicated a habitual offender after a full hearing, and the defendant does not testify or acknowledge his status as a habitual offender. *See State v. Alexander*, 05-276, 05-277 (La.App. 3 Cir. 11/2/05), 916 So.2d 303. However, in the present case, defense counsel stipulated as to the Defendant's identity for the prior convictions.
>
> In *State v. Harris*, 95-900, pp. 1-2 (La.5/19/95), 654 So.2d 680, the supreme court, reviewing the grant of an application for post-conviction relief, stated:
>
>> Admissions of identity at a multiple offender hearing implicate the defendant's Fifth Amendment privilege

2

against self-incrimination. *State v. Johnson*, 432 So.2d 815 (La.1983). Nevertheless, multiple offender proceedings "simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence." *State v. Martin*, 427 So.2d 1182, 1185 (La.1983). This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the *Boykin* colloquy which must accompany a valid plea of guilty. *Id.*, 427 So.2d at 1185, n. 7. In the absence of any allegation or showing that the admission was involuntary, *compare State v. Johnson*, *supra*, the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. *See*, *Holloway v. Lynaugh*, 838 F.2d 792 (5th Cir.), [*cert. denied* ], 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80 (1988); *State v. Firmin*, 522 So.2d 1181 (La.App. 4th Cir.), [*writ denied*], 532 So.2d 759 (La.1988).

In this case, the prosecution introduced and filed into evidence a sworn affidavit from the Department of Corrections to prove that petitioner, Roy Harris, was the same person who was previously convicted of the predicate felonies which led to the multiple bill. Defense counsel made his stipulation in open court and in the presence of the petitioner. A complete review of the transcript reveals that the petitioner was given a fundamentally fair hearing wherein the state proved the prior felony convictions.

In *State v. Samuel*, 08-100 (La.App. 3 Cir. 5/28/08), 984 So.2d 256, *writ denied*, 08-1419 (La.2/20/09), 1 So.3d 493, *writ denied*, 08-1487 (La.2/20/09), 1 So.3d 495, this court dealt with an issue similar to that presented in this case. At defendant Samuel's habitual offender hearing, he testified, acknowledging his prior convictions, without being advised of his right to remain silent. This court found that the defendant's testimony was voluntary, the defendant was represented by counsel, and a full habitual offender hearing was held. Accordingly, it held that the trial court's failure to advise the defendant of his right to remain silent was harmless and that the defendant was afforded a fair hearing.

In the present case, the State presented documentary evidence to prove the existence of the prior convictions. To prove identity, it presented the testimony of Mr. Douglas Edney, with the Louisiana Division of Probation and Parole, who testified that he had supervised the Defendant upon his release for "good time parole supervision" for his prior conviction of distribution of counterfeit cocaine. He identified the Defendant as the person that he had previously supervised. The State then presented evidence of the Defendant's identity for the prior convictions through an expert in fingerprint analysis and through documentary evidence. According to the record, the Defendant stipulated as to his identity on the three prior convictions and also stipulated as to the fingerprint evidence presented by the State. Subsequent to the presentation of this evidence, the trial court found that

the State bore its burden of proof regarding identity, and it ultimately found the Defendant to be a fourth felony offender.

Although the record before this court does not reflect that the Defendant was advised of his rights, there is no indication in the record that the stipulation was involuntary. The Defendant was represented by counsel, and he was adjudicated an habitual offender after a full hearing at which the State presented evidence to prove his habitual offender status. Therefore, we find that the Defendant was afforded a fundamentally fair hearing and that the error was harmless.

In the present case, the State presented its case to prove the Defendant's habitual offender status, after which the Defendant took the stand and testified. The Defendant was represented by counsel, and there is no indication his testimony was involuntary. As noted in the trial court's written reasons, "The Defendant's testimony did not serve to rebut any of the State's evidence of convictions. However, on cross-examination the Defendant confirmed several of his convictions which were both mentioned in Mr. Gralapp's testimony and indicated in State's Exhibit 1." The Defendant was adjudicated a habitual offender after a full hearing at which the State proved his habitual offender status. Accordingly, the Defendant was afforded a fundamentally fair hearing and that the error was harmless.

## ASSIGNMENT OF ERROR

In his only assignment of error, the Defendant contends the trial court erred in granting the State's pre-trial motion in limine to prohibit the use of any out-of-court statements by Patrick Cotten.

Prior to calling its first witness, the State filed a Motion in Limine to exclude any reference to statements made by Patrick Cotten to the Defendant and by Patrick Cotten's uncle to Patrick Cotten. The trial court denied the State's motion, stating the following: "I'm going to deny your motion at this time. I think it's good that you brought it, so that we are on the lookout for those type of statements, and I will try to cut them off before any prejudicial comments might be made."

4

Defense counsel later called Patrick Cotten to testify. At that time, Cotten invoked his Fifth Amendment right against self-incrimination.

An exchange regarding statements by Cotten followed:

BY THE COURT: Counsel, in light of the fact that the state filed a Motion in Limine with respect to hearsay, I would like to go ahead and address that before the jury comes in. Do you anticipate trying to elicit testimony regarding statements made by Mr. Cotten?

BY MR. SLAUGHTER: Yes, sir.

BY THE COURT: And does the state intend to object?

BY MRS. DUGAS: Absolutely.

BY THE COURT: And, Mr. Slaughter, on what basis do you think that you can elicit the testimony, the statements made by Mr. Cotten?

BY MR. SLAUGHTER: Basically, I, would ask Mr. Moore by [whose] authority he was there to clean up the property and to remove the, some of the items that were removed.

BY THE COURT: And, I'm assuming that that authority would have, allegedly be[en] coming from statements made by Patrick Cotten?

BY MR. SLAUGHTER: Yes, sir.

BY THE COURT: I understand you[r] reasoning for wanting to introduce the evidence, I'm asking under what hearsay exception do you feel that that falls?

BY MR. SLAUGHTER: I don't know if it falls under one. Judge, the defense is not going to call anybody at this time.

BY MR. WHITE: Your Honor, and the state would inquire in the interest of down the road that Mr. Moore knows he does also have a right to testify. I don't know if Mr. Slaughter is advising him to or advising him not to, and I'm not asking for any confidential information, but . . .

BY MR. SLAUGHTER: In light of the situation that the whole reason to call Mr. Moore would be to elicit the testimony of, the statements made by Mr. Cotten. And since that's no longer feasible or a possibility, it would be to Mr. Moore's advantage not to take the stand and submit himself to injurious questions from the prosecution. I've explained that to Mr. Moore several times throughout the hearing and before, and we find ourselves in the unenviable position of not being able to get to Mr. Cotten, as bad as I'd like to. The bottom line, any good we could have done is no longer viable.

BY THE COURT: And, Mr. Moore, you understand that you do have the right to testify?

BY MR. MOORE:  Yes, sir.

BY THE COURT:  And at this juncture, your decision is?

BY MR. MOORE:  I mean, it ain't no reason to.  I mean, if - - I mean, I never knew this woman, I mean, that's how I [got] entangled in all this here, was through him.  I mean, if I can't, you know, ask him, the man that got me in here, I mean, I'm, I mean, I got no purpose of . . .

The trial court initially denied the State's motion in limine.  The admissibility of Cotten's statements was again raised.  At that time, defense counsel was questioned by the trial court about what hearsay exception would allow the Defendant to testify regarding Cotten's statements.  Defense counsel made no argument about applicable hearsay exceptions and chose not to call the Defendant to testify.  The trial court did not grant the State's motion in limine and did not explicitly deny the Defendant the right to testify about statements made by Cotten.  Accordingly, there is no ruling for this court to review.

For these reasons, the conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules-Courts of Appeal.  Rule 2-16.3.