NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-610


STATE OF LOUISIANA

VERSUS

CLEVELAND TROY BIAS


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 72750
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, J. David Painter, and James T. Genovese, Judges.


AFFIRMED.


Michael Harson
District Attorney
15th Judicial District
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170

**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Beth Smith Fontenot**
**Louisiana Appellate Project**
**P. O. Box 3183**
**Lake Charles, LA 70602**
**(337) 491-3864**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Cleveland Troy Bias**

**Frederick Lewis Welter**
**Attorney at Law**
**P. O. Box 635**
**Rayne, LA 70578-0635**
**(337) 334-8951**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**PETERS, J.**

The defendant, Cleveland Troy Bias, appeals his adjudication as an habitual offender pursuant to La.R.S. 15:529.1. For the following reasons, we affirm the defendant's adjudication.

On September 26, 2007, a jury convicted the defendant of the offense of distribution of cocaine, a violation of La.R.S. 40:967. On March 3, 2008, the trial court sentenced the defendant to serve ten years at hard labor. However, even before the defendant was sentenced for the violation of La.R.S. 40:967, on January 7, 2008, the state filed a bill of information charging the defendant as an habitual offender. The bill of information listed the underlying offense giving rise to the charge as a November 4, 2002 conviction of possession of cocaine with the intent to distribute, a violation of La.R.S. 40:967. On that same day, the defendant appeared in open court with counsel and entered a not guilty plea to the habitual offender charge. The habitual offender hearing was first scheduled for November 13, 2008, but for some unexplained reason, on that day the defendant entered a not guilty plea for the second time, and the merits hearing was continued.

The matter finally went to trial on May 13, 2009, and on that day, the defendant admitted to his status. The trial court adjudicated him as a second offense habitual offender, vacated the ten year hard labor sentence, and sentenced him to serve fifteen years at hard labor. The trial court granted the defendant an out-of-time appeal on January 27, 2012. In his appeal, the defendant asserts one assignment of error:

> The trial court failed to assure that Mr. Bias received a fundamentally fair hearing by accepting Mr. Bias's admission to his identity as the person who committed the convictions charged in the habitual offender bill without advising Mr. Bias of his right to remain silent and his right to have the State prove its case against him.

OPINION

The facts are not in dispute. The defendant appeared at the May 13, 2009 hearing with his court-appointed counsel. The very first entry of the hearing transcript is defendant's counsel stating to the trial court that "[a]t this time, in order to save the Court time and confusion, Mr. Bias is going to admit that that was him on that prior conviction that they are using for multi-bill purposes." The trial court then turned to one of the assistant district attorneys representing the state, and the following exchange took place:

> THE COURT: Okay. Let's make sure we go in order. Mr. Hamilton, you have a record of Mr. Bias' conviction?
>
> MR. HAMILTON: Yes sir.
>
> THE COURT: Okay. Let's go ahead and make those part of the record, and then I'll take Mr. Bias' stipulation that he was, indeed, the same person.

Before any documents were formally introduced, the trial judge noted that he had presided in the September 2007 trial which resulted in the defendant's conviction for distribution of cocaine. With regard to the underlying conviction, the following exchange took place between the trial court and one of the other assistant district attorneys:

> MR. WELTER: And then the other conviction is dated November 4, 2002, in Docket Number 59,938. And the State would offer, file and introduce - -
>
> MR. NICKEL: We have no objection to the introduction.
>
> MR. WELTER: -- the minutes and fingerprint cards from those cases.
>
> THE COURT: And you're offering those into evidence?
>
> MR. WELTER: Yes, Your Honor.
>
> THE COURT: Okay. Let them be admitted.
>
> MR. NICKEL: No objection.

THE COURT: And you're telling me, Mr. Nickel, that Mr. Bias does not dispute that he's one and the same person who was convicted in '07 in this court, and he's also one and the same person who had the prior conviction just mentioned by –

MR. NICKEL: In '02, yes, Your Honor.

MR. WELTER: Judge, also, in 59,938[,] we have a transcript of the plea colloquy that is attached to those minutes, and that was by – that's a certified copy of what was filed with the clerk from Diane Miller.

THE COURT: Let that be admitted. Mr. Bias, that's correct, sir, you're not contesting that you're one and the same person as – you were convicted in '07 and you had the prior conviction?

MR. NICKEL: Correct, Judge.

MR. BIAS: Right, Judge.

It is correct that the trial court did not advise the defendant that he had the right to remain silent and that the state had the burden of proving beyond a reasonable doubt that he was the individual who committed the 2002 offense. It is also correct that "[a]dmissions of identity at a multiple offender hearing implicate the defendant's Fifth Amendment privilege against self-incrimination." *State v. Harris*, 95-900, p. 1 (La. 5/19/95), 654 So.2d 680, 680. However, in *Harris*, the supreme court also explained that:

> Nevertheless, multiple offender proceedings "simply should not be equated (at least for purposes of determining the validity of an admission) to trials of guilt or innocence." *State v. Martin*, 427 So.2d 1182, 1185 (La.1983). This Court has therefore declined to adopt as a constitutional prerequisite to a valid admission of identity at a multiple offender proceeding a procedure analogous to the *Boykin* colloquy which must accompany a valid plea of guilty. *Id*., 427 So.2d at 1185, n. 7. In the absence of any allegation or showing that the admission was involuntary, *compare State v. Johnson, supra*, the availability of post-conviction relief turns on whether the proceedings as a whole accorded the petitioner fundamental fairness and due process of law. *See Holloway v. Lynaugh*, 838 F.2d 792 (5th Cir.), cert. denied, 488 U.S. 838, 109 S.Ct. 104, 102 L.Ed.2d 80

3

(1988); *State v. Firmin*, 522 So.2d 1181 (La.App. 4th Cir.), writ denied, 532 So.2d 759 (La.1988).

*Id.*

As noted in *State v. Fletcher*, 00-968, pp. 3-4 (La.App. 3 Cir. 12/6/00), 776 So.2d 1240, 1243, *writ denied*, 01-342 (La. 12/14/01), 803 So.2d 986, this court, addressing an assigned error, discussed the pertinent case law on this issue:

> While La.R.S. 15:529.1 does not specifically address the issue of a defendant's right to remain silent, in *State v. Johnson*, 432 So.2d 815 (La.1983), *writ granted on other grounds*, 438 So.2d 1113 (La.1983), *appeal after remand*, 457 So.2d 1251 (La.App. 1 Cir.1984), *appeal after remand*, 471 So.2d 1041 (La.App. 1 Cir.1985), the supreme court concluded that the statute clearly recognizes that a defendant has the right to remain silent and thus implicitly provides that a defendant should be advised by the trial court of this right before he acknowledges or confesses his status as an habitual offender. Thus, the trial court erred in failing to advise the defendant of this right before accepting his admission that he was the person who was convicted of the predicate offenses. The question is whether or not this is harmless error.

As in *Fletcher*, we are called on to determine whether the trial court's failure to advise the defendant of his right to remain silent and of the state's obligation to prove his identity beyond a reasonable doubt is harmless error.

We conclude that it is harmless error. The state introduced the record of the 2002 proceedings without objection from the defendant, and this exhibit establishes the accuracy of the defendant's admission. The defendant was represented by counsel at the habitual offender hearing and, on appeal, the defendant does not assert that his admission was involuntary. *See State v. Payne*, 94-1628 (La.App. 3 Cir. 5/22/96), 677 So.2d 527. Thus, without the defendant's admission, the trial court would have reached the same result.

We find no merit in the assignment of error.

4

## DISPOSITION

For the foregoing reasons, we affirm the adjudication of the defendant, Cleveland Troy Bias, as a second felony habitual offender under La.R.S. 15:529.1.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2—16.3.