CIACCIO, Judge.
Defendant, Henry Dunn, was charged with the crime of possession of a controlled dangerous substance: Pentazocine. La. R.S. 40:967. He was found guilty as charged and sentenced as a multiple offender to serve ten years at hard labor. La.R.S. 15:529.1. The defendant appeals relying upon two assignments of error. We affirm the conviction, vacate the sentence and remand for resentencing.
On March 16, 1983, at approximately 10:15 p.m. New Orleans Police Officer Walter Gifford, in an unmarked police car, stopped for a red light at the intersection of North Claiborne and Orleans Avenue. While stopped, Officer Gifford observed the subject Henry Dunn as he stood next to a car, containing three males, which was in a parking area under the Interstate 10 overpass. Dunn had a white envelope in his hand and he was attempting to empty its contents into his other hand. One of the occupants of the parked car observed Officer Gifford and he alerted Dunn. The policeman saw Dunn throw away the envelope, walk away from the car, and proceed away from the scene. The occupied car then left the scene. The policeman circled the corner, stopped the suspect and retrieved the envelope. The envelope was found to contain six sets of “T’s and blues” (i.e., talwin and pyribenzamine). The suspect was arrested for possession of a controlled dangerous substance which was later identified as pentazocine.
The defendant, who admitted to several prior felony convictions, testified in his defense. He stated that on the date in question he had just exited the Duke Liquor Store. He approached a car with several occupants which was parked under the Interstate overpass on Claiborne Avenue. One of the occupants asked if he wanted to purchase marijuana but he declined. As he was leaving the area, he observed the officer approach him. According to Dunn the officer “threw” him against a brick post and arrested him. He was handcuffed and placed in a police car. Dunn stated that there were no drugs on him but only a sum of money in excess of $100.00 which was taken by the arresting officer. According to Dunn, after the occupied car drove from beneath the overpass the policeman retrieved an envelope from the parking lot, which was found to. contain drugs.
In his first assignment of error, defendant seeks a review of the record for errors patent on its face. We have reviewed the record for errors patent and there are none.
In a pro se brief filed with this Court, the defendant contends that his conviction and sentence as a multiple offender are illegal in that he was not advised of his rights prior to pleading guilty to the multiple bill.
The Multiple Offender Statute provides the following guidelines for conviction:
La.R.S. 15:529.1(D)
D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, *933 if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.
In State v. Martin, 427 So.2d 1182 (La., 1983) the Louisiana Supreme Court found that where the colloquy at the sentencing hearing established that the defendant was represented by counsel, advised of his right to a formal hearing and his right to have the state prove the issue of his identity, that this was sufficient compliance with the requirements set forth in the Multiple Offender Statute. La.R.S. 15:529.1.
In State v. Vincent, 439 So.2d 1124 at 1127 (La.App., 4th Cir., 1983) this Court held that a guilty plea to a multiple bill is acceptable provided there exists “an affirmative showing in the record of an intelligent and voluntary waiver of the constitutional rights thereby yielded.” Thus, this Court in Vincent, supra required the trial judge to personally advise the defendant of his rights. It is acceptable, however, under Vincent, supra, for the court, through counsel, to advise the defendant by a specific recital of the rights in open court in the presence of the defendant.
In this case the record reflects that at the hearing on the multiple bill the following colloquy occurred:
BY MR. COLWART:
This is case number 295-456, State versus Henry Dunn. It is here today for sentencing. If Your Honor recalls, last week we had a trial of simple possession of Talwin. He is here today for sentencing.
The district attorney has filed a multiple bill and after my conferring with Mr. Dunn, he wishes to admit to the allegations contained in the multiple bill. He would waive his right to a multiple bill hearing.
BY THE COURT:
Let the minutes so reflect.
In this case, although the record reflects that the defendant was advised of his right to a hearing on the multiple bill, it does not appear from the record that he was advised of his right to have the State prove its case against him. As such, the defendant was not adequately advised of his rights under R.S. 15:529.1 before admitting to the allegations contained in the multiple bill.
Accordingly, for the reasons assigned, the defendant’s conviction is affirmed, his multiple offender sentence is vacated and the case is remanded to the district court for resentencing.
CONVICTION AFFIRMED MULTIPLE OFFENDER SENTENCE VACATED, CASE REMANDED FOR RESENTENC-ING.
WARD, J., concurs.