538 So.2d 1053 (1989)
STATE of Louisiana
v.
Trent WELLS.
No. KA-6451.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1989.
Dwight Doskey, Orleans Indigent Defender, New Orleans, for Trent Wells.
Harry F. Connick, Dist. Atty., Guy E. Weigel, Asst. Dist. Atty., New Orleans, for State of La.
Before SCHOTT, C.J., and WARD and PLOTKIN, JJ.
WARD, Judge.
By bill of indictment, a Grand Jury charged Trent Wells with aggravated rape and aggravated burglary. A jury found Wells guilty of the lesser charges of forcible rape and simple burglary. On March 14, 1985, the Trial Judge sentenced Wells as a second felony offender to fifty years at hard labor without benefit of parole, probation, suspension of sentence or good time for the rape conviction, and to fifteen years at hard labor without good time on the burglary conviction, the sentences to run concurrently. Wells appeals his convictions and sentences.
On the morning of March 29, 1984, the victim momentarily awoke when she heard a noise around her home. After falling back to sleep, she awoke again as Wells entered her bedroom wearing a mask and carrying her kitchen knife. Wells pulled the bedsheets off of the victim, put pillows and a sweater over her head, and tied suspenders *1054 around her hands. He rummaged through her apartment, and then returned to her bedroom and raped her.
Although the victim was unable to give a detailed description of the perpetrator because he was wearing a mask, she did state that he was a young black man who weighed approximately 150 pounds and was between 5'3" and 5'6" in height. At trial, the victim testified that Wells' coloring, size and weight were consistent with those of the perpetrator.
The police investigation also revealed that the perpetrator entered the victim's home through a bathroom window which was broken. The police obtained latent fingerprints from the broken window pane and, several months later, identified Wells as the perpetrator after obtaining a positive match between Wells' fingerprints and three of the four prints found on the window pane.
The victim had also reported that the perpetrator stole her class ring from her home. The police discovered that the ring was sold by a man called "Jimmy" to Kip Hunter, a jewelry dealer on Canal Street, who then sold the ring to a shop. Hunter gave a typed statement to the police in which he described the man he purchased the ring from as a black male known as "Jimmy" who was about 5'3" or 5'6", red complexion and hair, about seventeen years old, wearing a white painter's cap. Hunter's description of "Jimmy", according to the police, matched the victim's description of the perpetrator.
As his first assignment of error, Wells claims that the Trial Court erred in admitting into evidence the hearsay testimony of Officer Schaubhut who told the jury Kip Hunter's description of the man from whom he purchased the ring.
Although the State subpoenaed Hunter for the trial, Hunter could not be located in order to testify at trial, so it was Schaubhut who testified about the description Hunter gave. Schaubhut also testified, however, that Hunter was unable to identify Wells in a photographic lineup as the man from whom he purchased the ring.
Schaubhut's testimony regarding the description given by Hunter is hearsay. The Trial Court erred by permitting the jury to hear this testimony.
The appropriate standard of review to determine the effect of improper admission of evidence is whether the error was harmless beyond a reasonable doubt. State v. Gibson, 391 So.2d 421, 428 (La.1980). To find that the error was harmless beyond a reasonable doubt, we must be able to determine that the improperly admitted hearsay did not contribute to the verdict. State v. Banks, 439 So.2d 407 (La.1983). For the admission of hearsay to require a reversal, substantial rights of the accused must have been affected. State v. Rault, 445 So.2d 1203 (La.1984). And, when erroneously admitted evidence is merely cumulative or corroborative of other testimony adduced at trial, the erroneously admitted evidence is considered harmless beyond a reasonable doubt. State v. Spell, 399 So.2d 551 (La. 1981).
Schaubhut's hearsay testimony corroborates the description of the perpetrator given by the victim and links the man identified as "Jimmy" to the crime since he possessed the victim's ring. Nonetheless, that testimony, however corroborative, was not crucial to the identification of Wells as the perpetrator. Not only was the jury made aware that Hunter was unable to identify Wells in the photographic lineup, but Hunter had no connection with the most important evidence linking Wells to the crime, that is, the match between Wells' fingerprints and those taken from the victim's window. Therefore, not only was the hearsay testimony cumulative, it was also favorable to Wells, and considering the overwhelming evidence in this case, Wells has not shown that his substantial rights have been affected. Nor can it be said that the hearsay testimony contributed to the verdict.
Wells next challenges the fingerprint evidence, contending that the State failed to prove that the fingerprints matched to Wells were the same fingerprints lifted from the scene. This claim is meritless. Officer Al Wilson testified at *1055 trial, identifying the State exhibit containing the prints as the prints lifted by him at the scene of the crime. Officer Raymond Loosemore, the State's fingerprint expert, testified that the prints lifted by Wilson from the window matched Wells' prints.
In another assignment of error, Wells contends that his sentences should be vacated because the Judge at the multiple bill hearing failed to inform him of his right to remain silent or his right to a hearing regarding the multiple bill allegations.
The record reveals that when the Judge determined that Wells was a second offender the State had submitted a certified copy of the Boykin colloquy from Wells' guilty plea to the predicate offense, and defense counsel acknowledged that the earlier guilty plea met the Boykin requirements. Wells then admitted to the Court that he was the same person who had pled guilty to the predicate offense. Because the Court failed to advise Wells of his right to remain silent or to have the State prove its case against him, Wells' sentences must be vacated, and the case remanded for another multiple bill hearing. State v. Dunn, 508 So.2d 931 (La.App. 4th Cir.1987).
In his last assignment of error, Wells correctly argues that the Judge improperly used his second offender status to enhance both his sentence for forcible rape and his sentence for simple burglary. See, State v. Sherer, 411 So.2d 1050 (La.1982). This error may be corrected by the Trial Judge when he resentences Wells pursuant to the new multiple bill hearing we have ordered.
Accordingly, Wells' convictions are affirmed, his sentences are vacated, and the case is remanded to the Trial Court for another multiple bill hearing.
AFFIRMED IN PART; SENTENCES VACATED; REMANDED.