547 So.2d 7 (1989)
STATE of Louisiana
v.
Preston BEARD.
No. 88-KA-2263.
Court of Appeal of Louisiana, Fourth Circuit.
June 29, 1989.
Harry F. Connick, Dist. Atty., Janet Ahem, Asst. Dist. Atty., New Orleans, for plaintiff.
Carol Skarpetowski, Orleans Indigent Defender Program, New Orleans, for defendant.
Before GARRISON, BARRY and KLEES, JJ.
BARRY, Judge.
The defendant was charged with possession of stolen property valued at more than $500, La.R.S. 14:69, pleaded guilty as *8 charged and was sentenced to three (3) years at hard labor. The State filed a multiple bill based on a 1986 guilty plea to a forgery charge.

FACTS
At the September 12, 1988 multiple bill hearing the State introduced documents relating to the forgery plea, including the bill of information, waiver of rights form, arrest register, docketmaster, minute entry of his guilty plea, and the defendant's fingerprint card.
Officer William Sabel, an expert in fingerprint identification, testified he compared the defendant's fingerprints with those on the April 7, 1986 arrest register for a Preston Beard. Based on the certified copy of the conviction relating to that arrest, he concluded the defendant was the same person who pleaded guilty to the forgery charge. The trial court denied the defendant's motion to subpeona the clerk who prepared the minute entry of the forgery guilty plea.
The trial court determined that the defendant was the same person who pleaded guilty to the forgery charge (# 313-870) and found him a second offender. On September 22, 1988 the defendant was sentenced to three (3) years and four months at hard labor.
We note the minute entry for sentencing on the multiple bill shows that, prior to sentencing, the defendant pleaded guilty to the multiple bill. The docketmaster corresponds to the minute entry.
A copy of the September 22, 1988 sentencing transcript reflects that the defendant did not plead guilty to the multiple bill. Whenever there is a discrepancy between the transcript and a minute entry, the transcript controls. State v. Tarto, 517 So.2d 1216 (La.App. 4th Cir.1987). It is clear the defendant did not plead guilty to the multiple bill subsequent to his adjudication as a second offender.
By his only assignment of error, the defendant argues that he should have been allowed to subpeona and examine the clerk who prepared the minute entry of the guilty plea on the predicate offense. The minute entry shows that the defendant was advised of his constitutional rights on the predicate offense, however, he contends this minute entry is a pre-prepared computer-generated printout. He relies on the incorrect minute entry which states he pleaded guilty to the multiple bill.
A guilty plea will not be considered valid unless the plea was a free and voluntary choice on the part of the defendant. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered to be free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. There also must be an express and knowing waiver of those rights, and the waiver must be on the record, which must unequivocally show that the waiver was free and voluntary, (citations omitted)
State v. Nuccio, 454 So.2d 93, 104 (La. 1984).
The colloquy between the trial judge and the defendant is the best evidence to prove whether the defendant knowingly and voluntarily waived his rights by the guilty plea. State v. Rome, 469 So.2d 1150 (La.App. 4th Cir.1985); State v. Holden, 375 So.2d 1372 (La. 1979). However, a colloquy is not the only way to prove a proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984).
In State v. Tucker, 405 So.2d 506 (La.1981), a guilty plea form and minute entry were introduced at the multiple bill hearing. According to the minute entry the trial court "questioned the accused under oath regarding his plea of guilty." The guilty plea form showed the defendant admitted his guilt, acknowledged the potential sentence, indicated he understood the triad of rights and waived those rights. The defendant initialed the form seven times and signed his name. Defense counsel and the trial judge signed the form. Under those circumstances our Supreme Court found a valid waiver.
*9 In this case the minute entry and waiver of rights form show the defendant knowingly and voluntarily waived his rights against self-incrimination, to a jury trial, and to confront his accusers. The waiver form is signed by the defendant, his counsel and the trial judge. Each of the form's individual statements of waiver are initialed by the defendant.
There is no indication that the minute entry is facially incorrect and there was no showing at the hearing which would call its accuracy into question. The fortuitous fact that the minute entry relating to sentencing (after the hearing and adjudication) is incorrect does not cast doubt on the accuracy of the minute entry.
We find the State produced sufficient evidence to support the defendant's multiple offender adjudication.
Because we have concluded the State carried its burden, the defendant's argument regarding his right to question the minute clerk has no merit.
The defendant's conviction and sentence are affirmed.
AFFIRMED.