557 So.2d 352 (1990)
STATE of Louisiana
v.
Jerome JONES.
No. 88-KA-1865.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1990.
*353 Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Charles L. Stern, Jr., Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for defendant-appellant.
Before BARRY, WARD and PRESTON H. HUFFT, JJ. Pro Tem.
BARRY, Judge.
The defendant was charged with four counts of armed robbery, La.R.S. 14:64, found guilty on all counts and sentenced to fifty years at hard labor on each count, the sentences to run consecutively. The State filed a multiple bill, the defendant admitted prior convictions, and was re-sentenced to fifty years at hard labor on each count, the sentences to run consecutively.

FACTS
On the morning of June 5, 1982 several men were playing dice in a shed behind Leonard Reed's home. Shortly after 7:00 a.m. Joseph Singleton, armed with a sawed-off shotgun, and the defendant, who had a pistol, entered the shed and demanded money from the men. Singleton pointed the shotgun at the men while the defendant put his gun to the heads of three of the men and collected an empty wallet and "valuables" from Eric Robinson, over $20 from Louis Freeman, over $400 and several pieces of jewelry from Wayne Williams, and between $550 and $650 from Reed. All of the men except Freeman knew the defendant prior to the robbery and all of the victims identified the defendant at trial.
The defendant does not contest his conviction.

ASSIGNMENT 1
The defendant contends the trial court erred by accepting his guilty plea to the multiple bill without advising him of his rights.
Before accepting a guilty plea to a multiple bill, a trial court must advise a defendant of his right to a formal hearing on the allegations, his right to have the State prove the allegations, and his right against self-incrimination. State v. Wells, 538 So.2d 1053 (La.App. 4th Cir.1989), writ denied 546 So.2d 1210 (1989).
When the Court asked what sentence had been imposed on the defendant, the following colloquy occurred:
BY MR. JONES [DEFENDANT]: Two hundred and fifty years.
BY THE COURT: ... Are you admitting to it?
BY MR. JONES: What? Admitting to what?
BY THE COURT: Talk to your attorney.
BY MR. COLWART [Defense Counsel]: Are you admitting that you have been convicted before? *354 BY MR. JONES: Oh, yes, I'm admitting that I have been convicted before.
BY THE COURT: All right. Your sentence remains the same.
BY MR. DUBELIER [District Attorney]: Fifty years on each count.
BY THE COURT: Okay, it's the same thing.
The State concedes, and the record establishes, that the trial court failed to advise the defendant of his rights. The guilty plea to the multiple bill must be set aside and the multiple bill sentence vacated.

ASSIGNMENT 2
The defendant argues that the trial court erred by imposing consecutive sentences and excessive sentences.
The multiple bill transcript reveals that the defendant's original sentence was not vacated, even though the minute entry states the sentence was vacated. When there is a conflict the transcript prevails over the minute entry. State v. Beard, 547 So.2d 7 (La.App. 4th Cir.1989). Because we set aside the multiple bill guilty plea and sentence, and because the original sentence (the same as the sentence on the bill) was never vacated, we next examine defendant's original sentence.
In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered the aggravating and mitigating factors of La.C.Cr.P. Art. 894.1. State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989).
During sentencing the trial court simply noted that the defendant was serving "an enormous amount of time" on another armed robbery and had another pending (later nolle prosequied). There was insufficient compliance with La.C.Cr.P. Art. 894.1.
The original sentence must be vacated. We pretermit whether the trial court erred by imposing consecutive sentences and if the sentences are excessive.
The conviction is affirmed. The defendant's multiple bill guilty plea is set aside and the multiple bill sentence is vacated. The original sentence is also vacated. The case is remanded for resentencing.
CONVICTION AFFIRMED; MULTIPLE BILL PLEA SET ASIDE; MULTIPLE BILL SENTENCE VACATED; ORIGINAL SENTENCE VACATED; REMANDED.