SCHOTT, Chief Judge.
Defendants, Harris and Williams, were each convicted of three counts of armed robbery and were each sentenced to thirty three years at hard labor on each count. Williams was before this court on a previous appeal in which his counsel requested only a review of the record for errors patent. This court ordered the present out-of-time appeal pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990). The present appeal by Harris which is also out-of-time, but is his first appeal, was ordered by the Louisiana Supreme Court.
In Williams’ first appeal this court rendered an unpublished opinion containing the following statement of the facts:
At trial NOPD Officer Lawrence Weath-ersby testified that on October 30,1987, he and his partner were patrolling in the 1300 block of Jourdan Street when they were flagged down by Stanley Melton who had just been robbed at Forstall Park. Melton described three robbers and said that two had guns. Officer Weathersby drove to the 1600 block of Jourdan Street where he saw three men who matched the description he had been given of the robbers. As he approached, a man later identified as defendant Williams pulled out his revolver and pointed it in the officer’s direction. However, when the officer and his partner moved towards Williams and the other two men with their guns drawn, Williams, Harris and the other man turned and ran. Harris dropped the bag he had been carrying. Officer Weathersby followed and caught Harris. Later he apprehended Williams as Williams came out of hiding from a yard. The victims of the robbery testified that they were shooting dice in Forstall Park when Williams, Harris and another man robbed them of their money and jewelry. The victims identified *924 Williams and Harris as two of the perpetrators.
In the present appeal both defendants contend that the trial court committed reversible error by failing to grant a mistrial when the prosecutor commented on the failure of the defendants to testify. This argument is based upon a transcript filed in this court’s records on October' 16, 1992 certified by the court reporter to be “Transcript of the Objections during the Closing Arguments” at the trial. This entire transcript is as follows:
(Objections taken during the Defense’s Closing.)
BY MR. ZIBILICH:
... they took one step beyond that, we had all of the other people on the playground, there are too many ifs, and, buts and loopholes. There are to many gaps. There are too may lies. There is certainly doubt, we’ve got that they may have did it, they probably did it, not guilty, and you don’t have to worry about an innocent man or men going to the penitentiary for a long, long time.
BY MS. COX:
I’m finally making an objection, the Judge gives the sentencing, and I think the Jury should be aware of that.
BY THE COURT:
I’ll explain it to them.
BY MR. ZIBILICH:
(Inaudible). Thank you very much.
⅜ # # ⅜ # ⅝
(THERE WERE NO OBJECTIONS MADE BY THE STATE DURING MS. BAGNERIS’ CLOSING ARGUMENTS.)
(Objection taken during State’s Closing Argument.)
BY MR. GARDNER:
... you didn’t hear the Defendants say they weren’t there, you didn’t hear the Defense—
BY MR. BAGNERIS
Objection, Your Honor, the Defendants are not required to defend or put on evidence whatsoever, I move for a mistrial.
BY THE COURT:
This is just a rebuttal argument, the objection is overruled.
In March 1993 the state supplemented the appellate record with a transcript of the entire closing arguments by both defense counsel and the prosecutor certified by the same court reporter who previously furnished the transcript of the objections. During his presentation defense counsel for Williams, Mr. Zibilich, stressed the bad character of the victims and suggested that they brought the robberies on themselves by cheating in the dice game. At one point he said:
“Let me tell you about these dice games all these guys who are carpenter’s helpers and all these other jobs they have got, and they are full of bull. That’s their job, their job is going to the park and playing dice and ripping people off. They try to cheat these boys and they wouldn’t let them get away with it, and they are going to turn around and fix them. And that is what they did....”
When Zibilich was finished Ms. Bagneris, counsel for Harris, took up the cudgel calling the victims “convicted felons, drugs, thieves, pistol-carrying-” She stated:
“You lie, you cheat, you steal, you do one crime, you do another. When involved in a dice game and everybody is strangers but three people, eleven to twelve people involved in a dice game and the only people who know each other are the witnesses that they paraded before you today. Could it be that the dice game was crooked? Could it be that these people realized such, took their money and left in a hurry in fear of them lives because they do carry guns to dice games.”
In his closing argument the prosecutor commented: “You heard what is called a non-defense. You heard putting everybody on trial except the people that robbed, the people that armed robbed_” He continued that you put one victim on trial because he got caught with marijuana and got caught with a gun and you put another victim on trial because he was convicted of stealing a ratchet off the floor in Schwegmann’s. The transcript of the prosecutor’s arguments continues as follows:
*925 So is he on trial today for going to the dice game and getting armed robbed? And then Mr. Ziblich, it seems like there are two classes of people, the ones that go to Las Vegas to gamble and there’s the ones that go to Forstall and so he kind of mushes them all together, they’re not rich and they’re not articulate, so they all must be criminals, they all must be — I think Ms. Bagneris said, thieves, crooks, dope smokers and gun (inaudible). But there were three people that you heard from today that don’t have any criminal record, so just because one of them is working at the country club cleaning up and the other two don’t have a job, well, it’s all right to rob them and that’s the Defense you heard today. You didn’t hear the defense that they weren’t there, you didn’t hear the defense—
BY MR. ZIBILICH:
Objection, Your Honor, the Defendants are not required to defend or put on any evidence whatsoever, under the frame of this trial.
BY THE COURT:
This is just a rebuttal argument. The objection is overruled.
BY MR. GARDNER:
You didn’t hear that the Defendants were deprived of their property or something, well, Mr. Ziblich alluded to that, but how did he mean that? Did Gerald — did Troy ...
C.Cr.P. art. 770(8) mandates an order for a mistrial upon motion of a defendant when the prosecutor refers to the failure of the defendant to testify in his own behalf. According to the short “Transcript of the Objections” Ms. Bagneris, not Mr. Zibilieh, moved for a mistrial, after the prosecutor said: “... you didn’t hear the defendants say they weren’t there....” However, there are several significant conflicts between this short “Transcript of the Objections” and the transcript of the entire arguments. Most important, the full transcript does not show that either counsel moved for a mistrial; secondly, the full transcript does not contain any reference to the failure of the defendants to say anything; and thirdly, the objection is attributed Ms. Bagneris in the “Transcript of the Objections”, but the objection is attributed to Mr. Zibilieh in the full transcript.
If the full transcript prevails defendants’ arguments are clearly without merit because they made no motion for a mistrial in the first instance and art. 770 is inapplicable. Furthermore, the full transcript shows that the prosecution was commenting not on the silence of the defendants but on the defense which was just presented by defense counsel in their closing arguments.
While the abbreviated transcript shows Ms. Bagneris moving for a mistrial it does not show that her ground was the prosecutor’s comment on the defendant’s failure to testify in his own behalf. Her stated reason was “the Defendants are not required to defend or put on evidence whatsoever”. Considering the context of the prosecutor’s statement which was a direct rebuttal to the arguments just made by defense counsel the comment did not warrant a mistrial under art. 770. Furthermore, neither transcript shows that the judge responded to a motion for a mistrial. They both show an overruling of an objection which suggests that no one was even thinking about art. 770 at the time, and the whole argument on appeal was an afterthought based upon a misinterpretation of the abbreviated transcript.
Even so, we conclude that the full transcript prevails over an excerpt. The problem is analogous to a conflict between a full transcript and a minute entry in which the transcript prevails. State v. Jones, 557 So.2d 352 (La.App. 4 Cir.1990). Finally, a defendant on appeal has the burden of demonstrating error in the trial court. These defendants relied on an abbreviated excerpt from a lengthy transcript which was discredited when the full transcript was produced by the court reporter. Consequently, their assignment of error is unsupported and without merit.
Accordingly, the conviction and sentences are affirmed.

AFFIRMED.