CHEHARDY, Chief Judge.
On April 17, 1989, John Laiche entered a guilty plea to violation of LSA-R.S. 40:966(A), distribution of lysergic acid diethylamide (LSD). Following a presen-tence investigation, Laiche was sentenced on November 27, 1989, to serve five years at hard labor, with the trial judge’s recommendation that he be placed in the intensive incarceration program pursuant to LSA-R.S. 14:574.4. Laiche has appealed the sentence.
The defendant’s first assignment of error is that the trial court failed to comply with LSA-C.Cr.P. art. 894.1(B). He contends that, rather than according weight to the mitigating factors listed in Article 894.1, the judge improperly considered and relied on facts not proven in sentencing him.
His second assignment of error is that the trial court failed to consider as a mitigating factor the cooperation given by the defendant to the district attorney’s office. The defendant contends there was a plea agreement that he would be given special consideration in the sentencing in return for giving information regarding other drug suspects.
In his third assignment of error, he asserts the sentence is excessive.
FACTS
Because there was no trial, the facts of the case are taken from the investigative reports of the arresting officers, which were attached to the presentence investigation (PSI) report.
Three detectives of the St. James Parish Sheriff’s Office met with a confidential informant (Cl) on October 13, 1988. The Cl advised them he had made arrangements with John Laiche to purchase some acid (LSD) the next day at the Gramercy Recreation Park. The following day the officers met with the Cl beforehand, searched him to be sure he had no contraband on him, gave him $150 to make the drug buy, and set up surveillance of the designated location. One detective observed the actual exchange, while two others waited nearby to follow Laiche as he left the area. When one detective attempted to stop Laiehe’s vehicle, a high-speed chase ensued. Ultimately Laiche was located at a nearby residence and was arrested by one of the detectives, who found the money used to make the drug buy in a shed behind the house. It was determined that the Cl had purchased 31 squares of LSD from Laiche.
ASSIGNMENTS OF ERROR NOS. 1, 2 and 3
Because the assignments of error all relate to the sentence, they will be addressed jointly.
To determine whether a sentence is excessive, a reviewing court must examine the record and the articulated reasons for sentencing. To this end, the record should indicate that the trial court considered not only the circumstances militating for incarceration, but also any mitigating factors. State v. Davis, 449 So.2d 452 (La.1984). The trial judge need not articulate every aggravating and mitigating circumstance presented in LSA-C.Cr.P. art. 894.1, but the record must reflect that he not only adequately considered the guidelines in particularizing the sentence to the defendant, but also state the factual basis for its sentencing conclusions. See LSA-C.Cr.P. art. 894.1(C); State v. Davis, supra.
The record before us reflects that the trial judge rendered extensive reasons for his sentencing decision. He noted the defendant was a 19-year-old first offender and that the court had received numerous letters attesting to the defendant’s good character from members of the community. *170 The judge was hesitant to accept the recommendations against incarceration, however, because he was convinced the defendant had been actively engaged in the use, sale and' distribution of drugs. The defense argues these conclusions were not supported by the record and that it was error for the trial judge to base his sentence, in part, upon what the defense alleges to be conjecture.
The PSI report, which is filed in the record, was not traversed except with regard to the defendant’s cooperation with police. It reflects that the defendant admitted he was selling drugs for profit and that he probably would still be selling but for his arrest. It also indicates the defendant was attending sessions at an alcohol and drug abuse clinic for a substance abuse problem. It appears the judge based his conclusions upon untraversed information contained in the PSI report; therefore, these were not “unfounded assertions,” contrary to the defendant’s claims, and thus were proper sentencing considerations.
Nor do we find merit to the defendant’s claim he was promised special consideration regarding his sentence if he cooperated with authorities. During the sentencing hearing the trial judge commented that the defendant had not cooperated with police despite his professed desire to aid the community’s drug problem. Counsel objected to the statement, advised the court of the defendant’s “cooperation,” objected to the sentence imposed, and made an oral motion for an appeal.
After this appeal was lodged, Laiche’s newly-retained counsel provoked an eviden-tiary hearing to establish the extent of Laiche’s cooperation with authorities and to determine whether such cooperation would affect the judge’s sentencing decision.
At the hearing, the assistant district attorney (ADA) stated there was no “deal” made. He testified he was approached by the defendant following entry of the guilty plea and was asked what could be done to obtain probation. The ADA suggested various avenues to pursue, which included obtaining letters of recommendation from leaders in the community, getting a “good” PSI report, and cooperating with police officers. He also informed the defendant that the ultimate decision on the sentence to be imposed was up to the judge.
At the time the PSI report was prepared, the defendant had not yet given information to the police, although he had stated his intent to do so. Sentencing was deferred on at least one occasion. Following the continuance the defendant met with the ADA and gave him the names of three persons he alleged were drug suppliers. Laiche declined, however, to participate actively in any undercover operation. The ADA transmitted the information to the sheriff, who deemed it of little value because the persons named were merely users already known to police.
Both the defendant and his father testified it was their understanding following the plea that if Laiche cooperated with authorities, the ADA would make a recommendation regarding the sentence to the judge.
At the conclusion of the testimony, the judge declined to amend the original sentence. He stated he had heard nothing to make him want to amend the sentence, although he admitted the PSI report was a good one and had recommended probation. He stated, “I thought I was giving this young man a break by recommending him to the intensive incarceration program. And I believe that that not only was an appropriate sentence, but it was also a sentence which would help him in the long run.”
We conclude, as did the judge, that no agreement as to sentence was confected during plea negotiations which could be considered an enforceable plea bargain. Therefore, we need address only whether the trial judge considered the defendant’s actions in determining the appropriate sentence. At the evidentiary hearing the extent of Laiche’s cooperation was explored and the judge specifically stated that nothing he had heard would cause him to alter the sentence he had already imposed. His remarks make it obvious he considered the *171 evidence of cooperation elicited by the defense. Thus, the record belies the defense’s assertions that a plea agreement had been reached or that the judge failed to consider the defendant’s limited cooperation with authorities.
The sole question remaining is whether the sentence imposed was excessive.
The penal provision of LSA-R.S. 40:966 reads as follows, in pertinent part:
“B. * * * Any person who violates Subsection A with respect to: ⅜ ⅜ ⅜ •}: A ⅜:
(2) Any other controlled dangerous substance classified in Schedule I, shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years and pay a fine of not more than fifteen thousand dollars.”
(Emphasis added.)
It clearly was the intent of the trial judge and the recommendation of the probation department that the defendant serve some time in jail. The probation department recommended a year in the parish prison as a condition of probation. The judge, however, opted for the intensive incarceration program authorized by LSA-R.S. 15:574.4(A)(2), under which an eligible convicted felon who is accepted for the program and who complies with its requirements may be released to intensive parole supervision after 90 to 180 days of incarceration.
Thus, a jail sentence was mandated. Five years at hard labor is the minimum sentence the judge could impose. See R.S. 40:966, supra. Should the defendant be placed in the program and perform well, his term of actual incarceration may be substantially reduced, to as little as 90 days or to a maximum of six months (180 days). Even should he be discharged from the program or not be placed in it, as a first offender he would be eligible for parole within 20 months. See R.S. 15:574.-4(A)(1).
Parole eligibility is a proper sentencing consideration. Because there is a substantial likelihood the defendant will serve 20 months or less for the offense, we do not find the five-year sentence excessive. See State v. Sosa, 559 So.2d 980 (La.App. 5 Cir. 1990), and State v. Guidry, 524 So.2d 1254 (La.App. 3 Cir.1988).
DECREE
For the foregoing reasons, the sentence is affirmed.
AFFIRMED.