756 So.2d 576 (2000)
STATE of Louisiana, Appellee,
v.
Ray Edward BARRETT, a/k/a Roy Barrett, Appellant.
No. 33,076-KA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
*578 Louisiana Appellate Project by J. Wilson Rambo, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Jason Waltman, Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
DREW, J.
Charged by bill of information with distribution of a controlled dangerous substance, Schedule II, cocaine, La. R.S. 40:967(A)(1), and tried by jury, Ray Edward Barrett was found guilty of the responsive verdict of possession of cocaine. The trial court sentenced the defendant to four years at hard labor and recommended him for the intensive incarceration "Impact" program. On appeal, defendant asserted that there was insufficient evidence for his conviction and that the trial court erred in imposing an excessive sentence and in failing to adequately comply with La. C. Cr. P. art. 894.1. Both the conviction and sentence are affirmed.

FACTUAL AND PROCEDURAL BACKGROUND
In the early morning hours of June 17, 1999, the Shreveport Police Department drug interdiction team conducted an undercover drug operation. S.P.D. Officer Joe Conant, the undercover buyer, wore audio surveillance equipment, or a "bug," and drove down Sprague Street, an area of known drug activity. The arrest team of three officers was located nearby in a van. At the corner of Sprague Street and Marycourt, an individual, later identified as Gregory Smith, came up to Conant's vehicle and asked what he wanted. When the officer told Smith that he wanted to get a twenty-dollar "rock," Smith told him to drive around the block and come back. When Conant complied, returned and parked on the side of the street, a different individual, later identified as the defendant, Ray Edward Barrett, approached the car. The officer gave the defendant a twenty-dollar bill, and the defendant gave Conant a rock of cocaine.
The arrest team heard via the audio surveillance that the buy had been completed. As the undercover policeman drove away, he described the defendant as wearing orange baggy shorts and a white muscle shirt. Within a minute of the transaction, the arrest team arrived on the scene and detained the defendant and Gregory Smith. The police found neither drugs nor money on either of the detained individuals. During the defendant's detention, Conant performed a "drive by" identification of the defendant. He drove back onto Sprague Street and slowed down where the arrest team had the defendant detained. Conant radioed his positive identification to the arrest team and told them the defendant was definitely the person who sold drugs to him. The police arrested the defendant and released Smith.
Tried for distribution of cocaine, the defendant was found guilty by the jury on the responsive verdict of possession of cocaine. The defendant filed a Motion for Post-Verdict Judgment of Acquittal, which was denied. The trial court ordered a PSI which showed that the defendant had no previous criminal record as an adult. The report noted defendant was eligible and recommended for probation because he was a first felony offender. The PSI further stated that, if the defendant received an unsuspended hard labor sentence, he would be recommended for the Impact program.
Other information contained in the PSI was that the 19-year-old defendant left school in the ninth grade at age 15. According to the defendant, he was incarcerated for a juvenile conviction when he left school. The Caddo Parish Juvenile Court confirmed defendant had a juvenile record. *579 While he admitted earlier gang participation, the defendant denied gang affiliation at the time the PSI was compiled. The defendant and his mother with whom he lived reported that defendant had never been employed.
At the sentencing, the trial court noted that the jury chose to convict the defendant of possession of cocaine although it could have found defendant guilty of distribution. Reviewing the PSI, the trial court specifically found an undue risk existed that, during any period of a suspended sentence or probation, defendant would commit other offenses. The trial court declared that defendant was in need of correctional treatment in a custodial environment best provided by the Department of Corrections. Noting that defendant had been charged with distribution of cocaine which carried a mandatory minimum sentence of five years at hard labor without benefit of probation, parole or suspension of sentence, the trial court stated that his conviction of possession of cocaine carried no mandatory minimum sentence. There was no indication of threats or violence, and no showing that the defendant obtained a substantial income from drug activities. The trial court stated there was no strong provocation for defendant to commit the offense, which was apparently a voluntary act on defendant's part. No grounds excusing or justifying defendant's conduct were shown and the trial court found defendant's conduct was the result of circumstances likely to reoccur. Since the defendant had no dependents, incarceration was found not to be a hardship.
The penalty for possession of cocaine is imprisonment with or without hard labor for a period of not more than five years and a fine of not more than $5,000. La. R.S. 40:967(C)(2). The trial court sentenced the defendant to serve four years hard labor, with credit for time served, and recommended him for the Impact program operated by the Department of Corrections. The Impact program is authorized under La. R.S. 15:574.4, and provides for parole, intensive incarceration and intensive parole supervision for qualified convicted felons. Thereafter, the defendant filed a Motion to Reconsider Sentence, which was also denied.

DISCUSSION
The defendant urged that his conviction for possession of cocaine was not supported by sufficient evidence. When the defendant challenges both the sufficiency of the evidence and one or more trial errors, the reviewing court will first review the sufficiency of the evidence, as a failure to satisfy Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) will moot the trial errors. State v. Hearold, 603 So.2d 731 (La. 1992); State v. Bullard, 29,662 (La.App.2d Cir.09/24/97), 700 So.2d 1051. The criterion for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational fact-trier could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson, supra; State v. Clower, 30,745 (La.App.2d Cir.06/24/98), 715 So.2d 101. That standard, initially enunciated in Jackson and now legislatively embodied within La. C. Cr. P. art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Perry, 612 So.2d 986 (La.App.2d Cir.1993).
All evidence, both direct and circumstantial, must be sufficient under the Jackson standard to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Arrington, 514 So.2d 675 (La.App.2d Cir.1987); State v. McKnight, 539 So.2d 952 (La.App.2d Cir.1989), writ denied, 548 So.2d 322 (La. 1989). It is always the function of the jury to assess the credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App.2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). Where a trier of fact has made a rational determination, an appellate court should not disturb *580 it. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for the requisite factual conclusion. State v. Clower, supra; State v. Thomas, supra; State v. Combs, 600 So.2d 751 (La.App.2d Cir.1992), writ denied, 604 So.2d 973 (La.1992). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Davis, 27,961 (La. App.2d Cir.4/8/96), 672 So.2d 428, writ denied, 97-0383 (La.10/31/97), 703 So.2d 12.
In his trial testimony, the defendant stated he was sitting on some steps visiting with friends on Sprague Street. He denied approaching a vehicle or selling drugs. Arguing that when the police arrived he did not flee and that the police found no "buy" money or drugs on him, the defendant asserted that the jury reached a compromise verdict because the evidence presented was insufficient to sustain any verdict.
S.P.D. Officer Conant, the undercover officer, positively identified the defendant as the person who sold him the drug. Conant provided an accurate description of the defendant to the arrest team and made a positive "drive by" identification of the defendant following his detention. At trial, Conant testified that he saw defendant's face and clothing and "There was no doubt in my mind that the person that was apprehended was the person that sold me drugs." In addition, Conant positively identified the defendant from his arrest photo as the person from whom he purchased drugs. The testimony of the other officers involved in the undercover drug operation corroborates Officer Conant's testimony regarding how, when and where the drug purchase from the defendant was perfected.
No internal inconsistency or irreconcilable conflict with physical evidence contradicted Officer Conant's testimony. Defendant maintained that the fact that no drugs or buy money was found on him by police was contradictory evidence. Members of the drug interdiction team testified that it was common for no buy money or drugs to be found on or around the suspect immediately following a drug deal. Evidently, the jury found no contradiction or irreconcilable conflict. Likewise, the jury apparently accepted the testimony of Conant and rejected the testimony of the defendant. Such a finding of credibility is given great deference. Furthermore, the positive identification of the defendant by one reliable witness was sufficient in this case to support the defendant's conviction of possession of cocaine.
Objecting that the jury rendered a compromise verdict, the defendant argued that the evidence presented was insufficient to sustain any verdict. Compromise verdicts are permissible, whether or not the evidence supports the compromise verdict, as long as the verdict comports with the legislative scheme in La. C. Cr. P. art. 814 and the evidence is sufficient to sustain a conviction on the charged offense. State v. President, 97-1593 (La.App.3d Cir.7/15/98), 715 So.2d 745, writ denied, 98-2115 (La.12/11/98), 729 So.2d 590, citing State ex rel Elaire v. Blackburn, 424 So.2d 246 (La.1982), U.S. cert. denied.
As noted above, the evidence in this record was clearly sufficient to support a conviction of the charged offense of distribution of cocaine. The positive identification of the defendant by the one reliable witness as the seller, the testimony as to the drug transaction, and the positive laboratory results showing that the purchased substance contained cocaine were sufficient to sustain a distribution conviction. Further, possession of cocaine is a responsive verdict to distribution of cocaine. La. C. Cr. P. 814. The jury's decision to convict *581 defendant on the lesser, responsive charge of possession was not an error entitling defendant to any relief on appeal.
The defendant complained that the trial court failed to provide a sufficient factual basis for or explanation of the sentence imposed which defendant urged was excessive. Noting that he was a youthful offender with no prior criminal history, the defendant contended the trial court erred in imposing imprisonment, rather than probation or suspension of sentence. Because the four-year hard labor sentence is near the five-year maximum for possession of cocaine, defendant argued the sentence was excessive.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App.2d Cir. 1988), writ denied, 521 So.2d 1143 (1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
There is no requirement that specific matters be given any particular weight. State v. Berry, 29,945 (La.App.2d Cir.10/29/97), 702 So.2d 33; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. Parole eligibility is a proper sentencing consideration. See: State v. Laiche, 570 So.2d 168 (La. App.5th Cir.1990), writ denied, 576 So.2d 26 (La.1991), which considered the intensive incarceration program authorized by La. R.S. 15:574.4(A)(2). See State v. Green, 418 So.2d 609 (La.1982); State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, U.S. cert. denied.
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Bradford, supra; State v. Woodman, 28,004 (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696.
As noted above, the trial court articulated several reasons for the imposition of imprisonment at sentencing and discussed a number of the factors in La. C. Cr. P. art. 894.1. The trial judge sufficiently considered the requirements of the article. A review of the record shows an adequate factual basis for the sentence imposed.
*582 Arguing that his four-year hard labor sentence is excessive, the defendant cited State v. Sepulvado, 367 So.2d 762 (La. 1979), which held that, by reason of La. Const. art. 1, § 20, the sentencing judge does not possess unbridled discretion to impose a sentence within statutory limits, regardless of mitigating facts. The supreme court held the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment. The reasoning of Sepulvado, supra, does not assist this defendant due to marked factual distinctions. Sepulvado, age 18, was convicted of carnal knowledge of a 15½ year old unmarried girl. The record showed the situation was a case of sexual misconduct between consenting teens who ran away to Texas together. Testimony indicated they returned when the girl's mother promised they would be permitted to marry. Sepulvado was arrested, convicted and sentenced to three years and six months at hard labor. In setting aside the prison sentence and remanding for a sentence of probation and/or a suspended sentence, the court noted many mitigating factors in favor of the defendant. The court in Sepulvado stated that to sentence Sepulvado to imprisonment so near the maximum sentence left only a negligible gap between his punishment and the penalty for the same crime committed in aggravated circumstances by a mature individual, so as to deprecate the seriousness of the latter described offense rather than Sepulvado's conduct. Further, Sepulvado (with the exception of this offense) was a responsible member of his community with no prior record, a job, a family dependent upon him and a favorable PSI.
While this defendant is a youthful offender with no prior adult criminal record, he is also a high school drop-out who had never been gainfully employed. The defendant has a juvenile record and admitted to gang participation in the past. Further, defendant also has no dependents. This unemployed young man without a high school diploma sought to make a quick and illegal twenty bucks through a drug transaction.
The defendant also relied upon State v. Anderson, 29,282 (La.App.2d Cir.6/18/97), 697 So.2d 651, which noted that, generally, maximum or near maximum sentences are reserved for the worst offenders who have committed the most serious offenses. This defendant received a near maximum sentence of four years at hard labor for possession of cocaine for which the maximum possible sentence is five years. However, the defendant's complaint does not address the great benefit he received from the trial court's recommendation that he be placed in the Impact program which runs a minimum of 180 days. After completion of that program, defendant may be eligible for an early release from prison into intensive parole supervision. La. R.S. 15:574.4(A)(2)(h). As a first felony offender, he is also eligible for parole after serving one-third of the sentence. La. R.S.15:574.4(A)(1).
The defendant's sentence does not appear grossly out of proportion with the seriousness of the offense, nor is it a purposeless and needless infliction of pain and suffering. Viewed in light of the harm done to society by illegal and dangerous drugs, the four-year sentence at hard labor for conviction of possession of cocaine imposed with the opportunity for defendant to participate in the Impact program and benefit from the early release provisions thereof does not shock the sense of justice. The defendant's sentence, while harsh, is not legally excessive.

ERROR PATENT REVIEW
The trial court did not fully inform the defendant of the prescriptive period for post-conviction relief, as required by La. C. Cr. P. art. 930.8. Although the defendant was informed he had three years to file any request for post-conviction relief, he was not told the prescriptive period begins to run when the judgment is final under La. C. Cr. P. art. 914 or 922. This *583 has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. State v. Mock, 602 So.2d 776 (La.App.2d Cir.1992); La. C. Cr. P. arts. 921, 930.8(C). The district court is directed (1) to inform the defendant of the provisions of art. 930.8, as amended by Act 1262 of 1999, by sending him written notice within 30 days of the rendition of this opinion and (2) to file into the record written proof that the defendant received the notice.

DECREE
The conviction and sentence are AFFIRMED.