JjDREW, J.
Convicted of DWI, 4th offense in violation of La. R.S. 14:98, Ananias Sudds appealed his conviction and sentence of ten years at hard labor with two years to be served without benefit of parole, probation, or suspension of sentence. In addition to asserting the excessiveness of his sentence, defendant complained that his conviction was based upon insufficient evidence. Sudds also assigned as errors the trial court’s denials of his motion for re *808 consideration and his motion to quash and the trial court’s failure to comply with La. C. Cr. P. art. 894.1 in imposing defendant’s sentence. Finding no errors, we affirm the conviction and sentence.
FACTS AND PROCEDURAL BACKGROUND
Filed June 30, 1999, the bill of information charged Sudds with DWI, 4th offense, committed on April 2, 1999. The bill listed the following predicate convictions all in the 11th Judicial District Court:
[[Image here]]
Sudds filed a motion to quash the instant prosecution for DWI, 4th offense, because the trial court did not advise the defendant of his constitutional presumption of innocence and the required burden of proof for a guilty verdict in No. 72,721 on July 21, 1991. At the August 23, 1999, hearing on the motion to quash, the state placed into evidence certified copies of the minutes, bills of information and transcripts from Docket Nos. 72,721, 84,538 and 99,2463. The trial court denied the motion to quash and noted the defendant’s objection to the court’s ruling.
|gAt trial, State Trooper Barry Spinney testified that he clearly observed a vehicle approaching a stop sign. Although the driver slowed, he did not come to a complete stop, instead rolling through the stop sign in DeSoto Parish at the intersection of U.S. 84 and Mundy Road on April 2, 1999. The trooper identified the defendant as the driver of the vehicle. When defendant got out of his vehicle, he had to brace himself on the vehicle as he walked down it. The trooper asked for his driver’s license and Sudds stated he did not have one. Sudds’ breath bore a strong odor of alcoholic beverage impurities. At that point the trooper administered the field sobriety tests. Defendant performed “poorly” on the horizontal gaze nystagmus test and was “obviously under the influence” of a central nervous system depressant. Defendant executed the one-legged stand test “poorly,” according to the Trooper. Sudds swayed while he balanced, used his arms to balance, put his foot down several times and almost fell over. Defendant did the walk-and-turn test “poorly.” He tried to start early, didn’t touch heel-to-toe, stepped off the line, used his arms for balance, turned incorrectly and didn’t take the required number of steps. The trooper concluded defendant was illegally impaired and placed him under arrest. A short time later, defendant took a breath test. The machine registered 0.185 which indicated defendant was legally under the influence of alcohol.
Defendant and his passenger, Ruthie Jackson, both testified that Sudds came to a complete stop before driving through the intersection. Sudds also stated he had drunk one beer prior to this arrest and that he got the three prior DWIs “with just one swallow.” Further, Sudds testified about his physical problems with his leg, arms and heart.
| gFollowing the trial conducted on September 27 and 28, 1999, a twelve person jury by an 11 to 1 vote convicted Sudds of DWI, 4th offense. On December 7, 1999, the trial court sentenced the defendant to ten years at hard labor with two years to be served without benefit of probation, parole or suspension of sentence. The sentence was made concurrent with any other sentence defendant was serving. The trial court denied the defendant’s oral motion for reconsideration of his sentence. The defendant made a oral motion for appeal which was later followed with a written motion.
*809 DISCUSSION

Assignment No. 1-Insufficiency of the Evidence

To support his argument that this conviction for DWI, 4th offense, was based upon insufficient evidence, defendant contended first that the predicate offense of DWI, 1st offense, in Docket No. 72,721, was invalid because Sudds was not properly advised of his constitutional rights and second, the trooper did not have sufficient reason to stop Sudds for the present offense. Although the record does not reflect that defendant filed a motion for post-verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821, this court will nonetheless consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not | reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
First, Sudds urged that evidence for his conviction for DWI, 4th offense, was insufficient because, at his 1991 guilty plea to DWI in Docket No. 72,721, the trial court did not properly advise Sudds of his constitutional presumption of innocence and the burden and degree of proof to convict. Sudds’ contended that the 1991 conviction was invalid and, therefore, could not be a predicate offense for this DWI, 4th offense, conviction. A defendant entering a guilty plea must be advised of the right to trial by jury (where applicable) and the rights to confrontation and silence. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant does not cite any authority that the Boy-kin mandate has been expanded to include the advice allegedly omitted here, or that the absence of such advice renders a guilty plea invalid. Although La.C.Cr.P. art. 556.1, requires such advice, there is no stated sanction for failure to comply with its mandate. The failure to so advise is subject to harmless error analysis. State v. Guzman, 99-1528 (La.5/16/2000), — So.2d —, 2000 WL 631266. Sudds made no showing that this advice is required by Boykin, or that its omission requires reversal. Further, the transcript of the guilty plea colloquy in No. 72,721 reveals that the trial court clearly advised Sudds of his right to a trial at which the state had to prove his guilt beyond a reasonable doubt. This portion of the assignment lacks merit.
Second, Sudds asserts that there was insufficient evidence to support his conviction because the evidence did not show the trooper had “sufficient reason” to stop Sudds for the present offense. Sudds did not file a motion to suppress lfievidence obtained when the trooper stopped him. Failure to file a motion to suppress evidence prevents a defendant from objecting to its admissibility at the trial on the merits. La. C.Cr.P. art. 703(F). Therefore, this issue was not properly raised.
In brief, Sudds framed the sufficiency of evidence issue in terms of the credibility of the witnesses. This court’s authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); *810 State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part and does not second-guess the jury’s resolution of the factual conflicts, but considers only whether the evidence deemed credible by the jury is legally sufficient to establish each essential element of the offense beyond a reasonable doubt. State v. Bosley, swpra. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
The jury accepted as credible the testimony of the trooper that Sudds drove through the stop sign without stopping his vehicle and rejected that testimony of Sudds and his passenger that Sudds stopped at the stop sign. Viewing the evidence in the light most favorable to the prosecution, the trooper saw Sudds violate the law by running the stop sign and had probable cause to make the initial |fistop-for the traffic violation.[1] Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Thus, the officer’s initial lawful contact with the defendant led to the evidence of Sudds’ intoxication which led to his conviction for DWI, 4th offense. This assignment of error is meritless.
Assignments Nos. 2,3 and 4 — Excessive Sentence, Denial of Reconsideration of Sentence and Inadequate Compliance with La. C. Cr. P. art. 894.1
The defendant’s complaints about the denial of the motion for reconsideration of his sentence were abandoned by failure to brief. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990). Although defendant received the mandatory minimum sentence, Sudds maintained that, under State v. Dorthey, 623 So.2d 1276 (La.1993), the court should have imposed a lesser sentence.
At the time he was convicted, Sudds informed the trial court that he was on disability and that his employment was yard work. The evidence presented at trial revealed that the defendant had a limited, fifth grade education and certain physical problems. Relying on a PSI report, the trial court noted that defendant was 55 years old. His only criminal history included the three prior convictions for DWI entered in 1991, 1994 and 1999. This offense occurred while the prosecution of the DWI, 3rd offense, was pending. At the time of the present conviction, the defendant was serving weekends on the DWI, 3rd offense, conviction. The PSI stated that the probation officer made numerous attempts to contact Sudds at his |7residence in Mansfield but that defendant had failed to return telephone calls from the probation agent or to confirm meeting dates. At sentencing Sudds stated he went to the probation office but, on that occasion, was informed the officer had just left. Thus, any of the trial court’s unawareness of defendant’s family history, health, or education is imputable to the defendant.
Indicating a consideration of lesser penalties, the trial court noted that defendant was not eligible for the impact program due to his age. The court stated that the defendant should have known, after the third DWI conviction, that he should not get a fourth conviction. At that point the *811 trial court sentenced Sudds to ten years at hard labor, two of which were to be served without benefit of probation, parole or suspension of sentence. The sentence was made concurrent with any other sentences Sudds was serving.
The test imposed by the reviewing court in determining the exces-siveness of a sentence is two-pronged. First, the record must show that the trial court took substantial cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Although the compliance with 894.1 was minimal for the reasons discussed above, the record shows a clear factual basis for the sentence imposed.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, supra; State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The penalty for DWI, 4th offense is imprisonment at hard labor for not less than ten nor more than thirty years and a fine of $5000. In addition, the vehicle driven may be seized, impounded and sold at auction in certain circumstances. At least two years of the sentence must be served without benefit of probation, parole or suspension of sentence. La. R.S. 14:98(E). A minimum sentence compelled by Louisiana law is presumed not to be excessive. State v. Juarez, 624 So.2d 26 (La.App. 2d Cir.1993). However, a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment if it makes no measurable contribution to acceptable goals of punishment and is nothing more than a purposeless imposition of pain and suffering which is grossly out of proportion to the severity of the crime. State v. Dorthey, supra.
Sudds received the minimum mandatory incarceration created by the legislature. Moreover, the fine and forfeiture provisions were not imposed by the trial court. Exhibiting even more leniency, the trial court ordered that this sentence be served concurrently with defendant’s other sentence for DWI 3rd offense. The trial court had previously observed defendant in court and was aware of his health, education and other circumstances including the child endangerment element in his conviction for DWI, 3rd offense. On this record, the sentence imposed contributes to acceptable punishment for the very dangerous behavior of operating a vehicle | flwhile impaired; it is not a needless infliction of pain which disproportionate to the conduct involved. This assignment is without merit.
Assignment 5 — Denial of Motion to Quash Based Upon Invalid Predicate
On grounds not raised in the motion to quash filed in the trial court, Sudds contends that the conviction in Docket No. 72,721 in 1991 was not a valid predicate because Sudds was unrepresented. Sudds maintains that the transcript does not show that defendant was represented by *812 counsel throughout the investigative and critical stages of the proceedings. An irregularity cannot be availed of after the verdict unless it was objected to at the time of the occurrence. La. C.Cr.P. art. 841. This new basis cannot be raised for the first time on appeal. State v. O’Neal, 501 So.2d 920 (La.App. 2d Cir.), writ denied, 505 So.2d 1139 (1987).
While it is not necessary to address this basis for the denial of the motion to quash for the foregoing reasons, our reading of the transcript in Docket No. 72,721 differs from Sudds’ interpretation of its content. Specifically, Sudds argued that his July 21, 1991 guilty plea conviction in docket No. 72,721 on DWI, 1st offense, could not be used as a predicate offense because defendant: (1) was not represented by counsel; (2) was not adequately advised regarding his right to counsel at a trial to allow for a valid waiver of that right; (3) was not advised of the dangers and disadvantages of self-representation; and, (4) did not make a valid waiver of the rights against self-incrimination and confrontation.
The minutes and transcript of Docket No. 72,721 were placed into evidence at trial. Although the minutes state defendant waived his right to counsel, there is no colloquy of how he did that and the minutes conflict with the transcript. The transcript therefore controls. State v. Lynch, 441 So.2d 732, 733 (La.1983). The transcript demonstrates that the court ascertained defendant was 47 years old, had a 110fifth grade education and could neither read nor write. Defendant said he understood what the court was saying. When asked if he was represented, defendant said “Me and Mr. Thomas talked.” The trial court then asked the attorney if he represented Sudds to which the attorney responded affirmatively. In response to the trial court’s questioning, Sudds responded affirmatively that the attorney was his court appointed counsel, that defendant had adequate access to counsel and that defendant was satisfied with his advice in tendering the guilty plea.
The court also advised defendant of his right to trial, the right against self incrimination, the right “to force the witnesses that testify against you to do so in open court, under oath, in your presence, subject to cross examination,” the right of compulsory process and the right to be represented by an attorney at trial. In each instance, defendant said he understood he was waiving these rights by pleading guilty. The 1991 trial court amply advised defendant of his rights against self incrimination and confrontation. Sudds obviously had access to an attorney. This claim has no merit.
ERROR PATENT REVIEW
During the December 7, 1999 sentencing, the trial court erroneously informed defendant that the prescriptive period for post-conviction relief was three years from the time the judgment becomes final. The correct prescriptive period is two years. La. C.Cr.P. art. 930.8 as amended by Acts 1999, No. 1262, effective August 15, 1999.
The district court is directed (1) to inform the defendant of the current provisions of art. 930.8 by sending him written notice within 30 days of the rendition of this opinion and (2) to file into the record written proof that the |n defendant received the notice. State v. Barrett, 33,076 (La.App.2d Cir.3/1/00), 756 So.2d 576; State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).
DECREE
The conviction and sentence are AFFIRMED.
STEWART, J., concurs in the result.

. In contrast to this situation in which the law officer saw the traffic violation and, therefore, had probable cause to stop Sudd's vehicle is the circumstance in which the officer does not actually see the crime, but has a reasonable suspicion that criminal activity has occurred. Law enforcement officers have the right to temporarily detain and interrogate persons reasonably suspected of criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).