916 So.2d 1200 (2005)
STATE of Louisiana
v.
Derrick Dwayne TOMLINSON.
No. 05-KA-201.
Court of Appeal of Louisiana, Fifth Circuit.
October 6, 2005.
*1201 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Martin A. Belanger, Jr., Assistant District Attorneys, Parish of Jefferson, Gretna, Louisiana, Counsel for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, Louisiana, Counsel for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS, and JAMES C. GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
The Defendant, Derrick Dwayne Tomlinson, appeals from his finding as a habitual *1202 offender and his enhanced sentence of 25 years imprisonment at hard labor, without benefit of probation or suspension of sentence. For the reasons which follow, we vacate the finding that the Defendant was a habitual offender and enhanced sentence.
This is the Defendant's second appeal in this case. His conviction for distribution of cocaine and original sentence were previously affirmed by this Court. State v. Tomlinson, 04-992 (La.App. 5th Cir.1/25/05), 895 So.2d 45, 46. This appeal pertains only to the Defendant's findings as a habitual offender and 25 year enhanced sentence.
On October 14, 2004, following sentencing on the distribution of cocaine conviction, the State filed a habitual offender bill of information alleging that the Defendant was a third felony offender, based on a 1995 guilty plea to "FELONY BREAKING AND ENTERING" in North Carolina and a 1990 guilty plea to "PUBLISHING A FORGED CHECK WITH THE INTENT TO DEFRAUD /FELONY" in Florida. The Defendant waived a reading of the habitual offender bill of information, denied the allegations therein, and a habitual offender hearing was held on January 5, 2005. The trial court found the Defendant to be a third felony offender, vacated his original sentence and imposed an enhanced sentence of imprisonment at hard labor for 25 years without benefit of probation or suspension of sentence. It is from the finding as a third felony offender and enhanced sentence that the Defendant appeals, assigning three errors.

ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error the Defendant contends that the trial court erred by accepting incomplete documentation from Florida and North Carolina for purposes of enhancing his sentence. More particularly, the Defendant argues that the trial judge erred in finding him to be a third felony offender because the State failed to prove that he knowingly and voluntarily entered both the North Carolina and Florida predicate guilty pleas.[1] The Defendant contends that the prior pleas are invalid because the State failed to prove (1) that he waived his Boykin rights;[2] (2) that he was informed of his sentencing exposure; (3) that he was informed that the guilty pleas could be used for future enhancement; and (4) as concerns the Florida conviction, that he was represented by counsel or waived his right to representation.
The State responds that the lack of advice on future enhancement and sentencing exposure did not render either guilty plea invalid and that it met its initial burden under State v. Shelton, 621 So.2d 769, 779-780 (La.1993), regarding the North Carolina guilty plea. However, the State concedes that the documentation for the Florida guilty plea that was introduced at the hearing does not indicate that the Defendant was represented by counsel when the plea was entered. The State argues that the Defendant is precluded from asserting this argument on appeal because it was not asserted in the district court.
When a defendant denies the allegations in a habitual offender bill of information, the state must prove the existence *1203 of the predicate guilty plea and that the defendant was represented by counsel (or constitutionally waived counsel) at the time he entered his plea. State v. Zachary, 01-3191 (La.10/25/02), 829 So.2d 405, 407 and State v. Shelton, 621 So.2d 769, 779-780 (La.1993). Thereafter, the defendant bears the burden of producing affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. Shelton, at 779. If the defendant is able to meet his burden, the state must prove the constitutionality of the plea. Id. The state will meet its burden by producing a "perfect" transcript, which contains a colloquy of the guilty plea wherein the defendant was informed of and waived his Boykin rights. If the state produces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence to determine whether the state has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. Shelton, 621 So.2d at 780.
At the habitual offender hearing in this case, the State introduced the Defendant's "rap sheet" and an excerpt from the transcript of the Defendant's trial on the underlying offense in which he admitted that he had prior convictions in the states of Florida and North Carolina.[3] Additionally, the State introduced North Carolina documents showing that the Defendant was represented by an attorney and pled guilty on October 30, 1995 to "Felonious Breaking & Entering" in violation of North Carolina Statute 14-51. These documents also reflect that the Defendant was sentenced to a minimum of six months and a maximum of eight months in the North Carolina Department of Corrections, that the sentence was suspended and that the Defendant was placed on supervised probation for thirty-six months. Additionally, the documents reflect that the Defendant was advised of and waived his three Boykin rights.[4]
Thus, as concerns the North Carolina prior conviction, the State met its initial burden of proving the existence of a guilty plea and that the Defendant was represented by counsel when entering the guilty plea. The burden then shifted to the Defendant to produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea.
At the hearing, the Defendant did not introduce any evidence but simply argued that the documents introduced by the State were inadequate because they did not show that the Defendant was advised of his sentencing exposure or future enhancement possibilities. However, these elements are not part of the constitutionally required Boykin rights. See, State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158, 1164, in which the Supreme Court stated that "[t]his Court has never extended the core Boykin constitutional requirements to include advice with respect to sentencing." Accord, State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517, (Per Curiam). Additionally, the Louisiana Supreme Court has stated that Louisiana jurisprudence has never required *1204 that a defendant be informed that a guilty plea may be used as the basis for the filing of a future habitual offender bill of information. See, State v. Nuccio, 454 So.2d 93, 104 (La.1984). Accord, State v. Manson, 01-159 (La.App. 5th Cir.6/27/01), 791 So.2d 749, 764.
Thus, because the Defendant failed to meet his burden of proof, the burden did not shift back to the State to prove the constitutionality of the plea with Boykin colloquies or other evidence regarding this guilty plea. Therefore, we find that the trial judge properly relied upon the evidence of the North Carolina guilty plea in finding defendant to be a habitual offender.
Turning to the Florida guilty plea, we find that the submitted documentation was not sufficient. The State concedes in its brief that the documents introduced at the hearing in this case do not show that the Defendant was represented by an attorney when entering the guilty plea. Additionally, the State acknowledges that a guilty plea obtained in violation of a defendant's right to counsel cannot be used for enhancement. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) and United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), in which the Supreme Court prohibited the use of prior convictions that were entered without the advice of counsel to enhance later sentences. The State admits in its brief that it did not introduce a plea form of any kind and that there is nothing in the record to indicate that the Defendant was apprised of any rights.
However, the State contends that the Defendant has waived his right to object on appeal to the lack of representation in a predicate guilty plea, citing State v. Sudds, 33,855 (La.App. 2 Cir. 9/27/00), 769 So.2d 805. Upon review, we find that the State's waiver argument lack's merit.
In Sudds, the defendant filed a motion to quash his first predicate Driving While Intoxicated (DWI) guilty plea. He argued at the hearing that he was unrepresented and did not make a valid waiver of counsel in that predicate plea. The trial judge denied the motion and Sudds was subsequently convicted of fourth offense DWI. On appeal, Sudds asserted that his plea was invalid because he was not represented throughout the investigative and critical stages of the proceedings, which were arguments that he did not assert at the trial level. The court held that Sudds was precluded from raising these claims on appeal because they were not asserted in the district court. It nevertheless reviewed the evidence introduced at the motion to quash hearing and found that Sudds' assignment lacked merit because he "had access to an attorney" when entering the predicate guilty plea. Id. at 811-812. Thus, we find that the Sudds case is distinguishable from the present case and does not support the State's waiver argument.
The State also cites State v. Martin, 427 So.2d 1182 (La.1983), in which the Supreme Court concluded that a defendant was required to object at the habitual offender hearing to the failure of the record of a predicate offense to reflect the presence of counsel in order to raise the issue on appeal. While acknowledging that "[t]here is no doubt that a guilty plea obtained in violation of defendant's right to counsel cannot be used to enhance a sentence," citing Burgett and Tucker, supra, the Martin court held that such a defendant was relegated to raise the allegation regarding lack of representation in the predicate plea on post-conviction relief, at which time he would have the burden of proof. Id. at 1186-1187.
We also find Martin distinguishable from the present case. First, the defendant in Martin did not object, on any *1205 basis, to the certified copy of the predicate conviction at the habitual offender hearing, while Tomlinson strenuously objected to all of the State's exhibits introduced at the habitual offender hearing in this case. Id. at 1186. Further, the Martin court found, by taking notice of evidence in a supplemental record, even though it may not have been part of the record before the trial judge, that the defendant was represented at the time of the predicate plea. Id., at fn. 8.
Unlike Martin, in the present case, there is no other evidence indicating that Tomlinson was represented in the Florida proceedings. Moreover, to the extent that Martin might be read to require a defense objection, the Defendant herein did object to the inadequacy of the State's documentation. We also note that the viability of Martin's authority is doubtful, considering the Supreme Court's more recent pronouncement in State v. Shelton, supra, detailing the new burden-shifting scheme between the State and the defendant.
In considering the merits of whether the State met its initial burden of proof regarding the Florida guilty plea, the record reflects that the State introduced a document captioned "ORDER WITHHOLDING ADJUDICATION OF GUILT AND PLACING DEFENDANT ON PROBATION" indicating that the Defendant, on September 12, 1990, pled guilty to uttering a forgery in violation of Florida Statute 831-02, a felony in the third degree. The exhibit further reflects that the court withheld the adjudication of guilt and imposition of sentence and placed the Defendant on supervised probation for thirty months. The exhibit includes the special conditions of probation, a bill of information for the charged offense, and certified copies of fingerprint cards.
Even if we were to assume that these documents established the existence of a guilty plea, which is not conclusive, the documents, as conceded by the State, do not show that the Defendant was represented by counsel at the time of the guilty plea. Therefore, we find that the State failed to meet its initial burden under Shelton regarding this guilty plea. Accordingly, we conclude that the finding of the Defendant to be a third felony offender is not supported by the record and the 25 year enhanced sentence, based on that finding, must be vacated.

ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error the Defendant argues, in the alternative, that his attorney was ineffective for failing to file a written challenge to the habitual offender bill of information. In view of our decision on the Defendant's first assignment of error, vacating the finding as a habitual offender and vacating his sentence, we find this argument moot.

ASSIGNMENT OF ERROR NUMBER THREE
By this assignment of error the Defendant argues that the 25 year enhanced sentence is excessive. Like the Defendant's previous assignment of error, we find this argument moot in light of our determination to vacate the finding as a habitual offender and sentence.
For the foregoing reasons, we vacate the Defendant's finding as a habitual offender and enhanced sentence of 25 years at hard labor.
FINDING AS HABITUAL OFFENDER AND ENHANCED SENTENCE VACATED.
NOTES
[1] Under La. R.S. 15:529.1(A)(1), a person is subject to an enhanced sentence as a habitual offender if he has a conviction in another state for a crime that would be a felony if committed in Louisiana.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[3] While the State also asserts is footnote 1 of its brief that the rap sheet is not included in the exhibits "housed" at this Court, the record reflects otherwise. The rap sheet is included with the Defendant's original appeal, which was lodged in this Court as an exhibit to this appeal on February 24, 2005.
[4] These documents also contained fingerprints, which according to the State's fingerprint expert, Patricia Adams, matched the Defendant's taken the day of the habitual offender hearing.